## SMITH *vs.* THE STATE OF GEORGIA.

1. Where a witness for the state in a criminal case testified on the committing trial, but at the time of the trial in the superior court is in a foreign state and inaccessible, his testimony given in the committing trial may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies; and this may be shown by parol, although it has been reduced to writing under the order of the committing court.

2. Exception may be taken to any decision, sentence or decree of the court below; but remarks of the court to counsel, by way of remonstrance or rebuke for their conduct, form no ground of exception.

3. A new trial will not be granted because of the discovery of merely cumulative evidence.

4. The verdict is supported by the evidence, and in accordance with law.

October 9, 1883.

Witness. Evidence. New Trial. Criminal Law. Practice in Superior Court. Practice in Supreme Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1883.

Smith was indicted for assault with intent to murder, alleged to have been committed on one Kimbly. On the trial, the jury found the defendant guilty, with a recommendation to mercy. He moved for a new trial, on the following among other grounds:

(1.) Because the court admitted testimony of witnesses

to show that Kimbly was detained as a prisoner in the coal mines of Alabama at the time of the trial.—Objected to as hearsay, and because the record of his conviction and sentence was better evidence.

(2.) Because the court admitted testimony of witnesses to show what Kimbly swore on the committing trial of defendant for this offence.—Objected to as hearsay, because the defendant should be confronted with his witnesses, and because the testimony at the committing trial had been taken down in writing, and this was better evidence than parol.

(3.) Because the court committed error in the following: remarks to defendant's counsel, in presence of the jury, upon the admission of A. L. Newberry's testimony : Question: "Well, Mr. Kimbly was in jail here once, was he not?" Answer. "Yes, sir." By the court : "That question has been answered; we have got to try this case to-day. He had just answered that not two minutes ago. You must proceed with the evidence, and get at the testimony that is material." [The court added the following note to this ground : "This statement was made by the court, because the question had been asked and answered before; and to save time, that being Saturday, and the court not desiring to hold the jury over Sunday."]

(4.) Because of newly discovered evidence. [This was cumulative.]

(5.) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

A. A. DOZIER ; C. J. THORNTON, for plaintiff in error.

T. W. GRIMES, solicitor general, by J. M. McNEILL, for the state.

BLANDFORD, Justice.

1. The main question in this case is as to the admission of the testimony of Kimbly, the prosecutor, which had been

given in before the court of inquiry, it being shown that the witness was in the state of Alabama, without the jurisdiction of the court, and not accessible, over the objection of the defendant.

The Code, §3782, provides as follows: "The testimony of a witness since deceased or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue, and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony, as to the particular matter about which he testifies." If this question were *res integra*, I should hesitate before giving my sanction to the admissibility of this testimony, under the clause of the Code quoted above. It is much to be doubted if a "former trial," mentioned in this section of the Code, means a trial before a committing court. But this is settled in the case of *Robinson vs. The State*,* decided March 7th, 1882; and following this latter decision, the judgment of the court admitting this testimony was no error, notwithstanding it had been reduced to writing under the order of the committing court, as the section of the Code above referred to provides, the same "may be proved by any one who heard it, and who professes to remember the substance of the entire testimony," etc.

2. The next error complained of is, that the presiding judge remarked to counsel for defendant, "that the question had been answered; we have got to try this case to-day; the witness has just answered that, not two minutes ago; you must proceed with the testimony, and get at the testimony material." Code, §4250, provides that exceptions may be taken to any "decision, sentence or decree of the superior court." The remark of the judge to counsel is neither a decision, sentence nor decree of the court; and hence no exception can be taken thereto. The judges of the superior courts of this state are charged by law with the execution or administration of the laws, within their

*68 *Ga.*, 833.

respective jurisdictions, and what they may say to counsel engaged in causes before them, by way of remonstrance or rebuke for their conduct before the court, forms no ground of exception that can be reviewed by this court. If the parties are aggrieved by the acts and conduct of the judge in this regard, another tribunal, and not this, must afford them relief.

3. It is claimed by plaintiff in error that he has discovered testimony, since the trial of the case, which is material. In looking into this ground, and the testimony which it is claimed has been discovered, the same is merely cumulative and impeaching. This is no ground for a new trial.

4. The verdict is supported by the evidence, and is in accordance with the law. And the judgment of the court, refusing the new trial, is affirmed.

Judgment affirmed.