## PITTMAN v. THE STATE.

1. Uncommunicated threats by the deceased to kill the person who afterwards on the same day killed him in a rencounter in which the former made the first violent demonstration by raising a stick in position to strike, are admissible in evidence on the trial of the latter. *May* v. *State,* 90 *Ga.* 793.

2. The better opinion seems to be that though the death of a witness who has testified at the commitment trial will render what he then testified admissible in evidence in behalf of the State on the final trial of the accused for the same offence, yet the removal of the witness from the State and consequent inability to procure his attendance, the accused doing nothing to prevent his attendance, will not, the witness being still alive, render such testimony admissible. The code, section 3782, which is general in its provisions, should be construed, touching criminal cases, in conformity with the principle or distinction just indicated, since doing so will harmonize it with both the letter and spirit of the constitutional provision that the accused shall be confronted with the witnesses against him. Hall *v.* The State, 6 Baxt. (Tenn.) 522; The People *v.* Newman, 5 Hill, 295; Brogy *v.* The Commonwealth, 10 Gratt. 722; Collins *v.* Commonwealth, 12 Bush, 271; Owens *v.* The State, 63 Miss. 450; Bergen *v.* The People, 17 Ill. 426; United States *v.* Angell, 11 Fed. Rep. 34; Wharton's Cr. Ev. section 229; 3 Rice on Ev. 350 *et seq.*                                    *Judgment reversed.*
July 3, 1893.

Indictment for murder. Before Judge BARTLETT. Randolph superior court. November term, 1892.

R. E. KENNON, for plaintiff in error.
J. M. GRIGGS, solicitor-general, *contra.*

---

## JONES v. THE STATE.

1. Overruling demurrer in indictment or motion to quash is not matter for motion for a new trial, but for direct exception. In this case, however, the ground of demurrer or motion to quash was without merit, the word "heifer" evidently referring to an animal of the cow species, the indictment being for "cow-stealing."

3. While the charge of the court was not free from inaccuracy in stating rules of law, the guilt of the accused is so manifest under