Price, J.
The right of the state to question in this court, any adverse decision made in the trial of a criminal case by the trial court, is found in Revised Statutes, section 7305, which provides:
“The prosecuting attorney may except to any decision of the court, and present his bill of exceptions' thereto, which the court shall sign, and the same shall be made a part of the record.”
And section 7306 provides:
“The prosecuting attorney may present such bill of exceptions to the Supreme Court, and apply for permission to file it with the clerk thereof, for the decision of the court upon the points presented therein; * 4f * ??
As decided by this court in State v. Granville, 45 Ohio St., 264, the purpose of such bill of exceptions, is not to obtain a reversal, but to determine the law to govern in a similar case.
Therefore, we have for determination the sole question : Did the court of common pleas err in setting aside the verdict of guilty, because the evidence of Darby was incompetent? If his evidence was compe *416 tent on the foundation laid for its admission, the court erred in granting a new trial; but if such evidence was incompetent, the court discharged its duty, in correcting the mistake on the first opportunity, by giving the prisoner a new trial.
If this question had arisen in the trial of a civil action, the way might be clear to sanction such evidence, where a proper showing is made for its introduction. Independent of statute, and at common law, there are many authorities which support the doctrine, that in civil actions, if it is made to appear to the satisfaction of the trial court that a witness, who has once testified in the same case, with opportunity for cross-examination, is beyond the jurisdiction of the court when the case is retried, his evidence upon the former trial may be given to the jury through the medium of one who heard and remembers it.
Some of the authorities on this point are cited in the brief for the state, and we will not refer to others which are equally clear.
In this state the legislature has moulded a rule in civil cases which is found in Sec. 5242a of. Revised Statutes. This section provides that:
“Whenever a party or a witness, after testifying orally, die, or is beyond the jurisdiction of the court, or can not be found after diligent search, or is insane, or through any physical or mental infirmity is unable to testify, or has been summoned, but appears to have been kept away by the adverse party, if the evidence given by such party or witness has been or shall be incorporated into a bill of exceptions in the case wherein such evidence was given, as being all the evidence given by such party or witness, and which bill of exceptions shall have been duly signed by the judge or court before whom such evidence was given, the *417 evidence so incorporated into such bill of exceptions may be read in evidence by either party on a further trial of the case, and in case no bill of exceptions has been taken or signed as aforesaid, but the evidence of such party or witness has been taken down by any competent official stenographer, the evidence so taken by such stenographer, may be read in evidence by either party on the further trial of the ckse, and shall be deemed and taken as prima facie evidence of what such deceased party or witness testified to orally on the former trial; or, if such evidence has not been taken by such a stenographer, the same may be proven by witnesses who were present at the former trial, having knowledge of such testimony. All testimony thus offered shall be open to all objections which might be taken, if the witness were personally present.”
This section is somewhat confused in its terms, and its application is not clear in a case where the evidence of the witness or party at a former trial has not been incorporated into a bill of exceptions in^a case where it was given, and signed by the judge, or court before whom it was given. In case the evidence has been incorporated into a bill of exceptions and it has been duly signed by the judge, or court before whom it was given, the evidence contained in such bill, if it is all contained therein, may be read in another trial of the case, whenever, the party or witness, after having testified orally, die, or, is beyond the jurisdiction of the court, or, cannot be found after diligent search, or is insane, or through any physical or mental infirmity is unable to testify, or has been summoned, but appears to have been kept away by the adverse party. On the occurrence of such events the *418 evidence contained in the bill of exceptions, may be read in the further trial of the case by either party.
But when the right of the official stenographer to testify is reached later in the section, it is provided that the evidence taken by him, “may be read in evidence* by either party on the further trial of the case,. and shall be deemed and taken as prima facie evidence of what such deceased party or witness testified to orally on the former trial; or if such evidence has not been taken by such a stenographer, the same may be proven by witnesses who were present at the former trial, having knowledge of such testimony, ete.”
It may be doubted whether or not the stenographer can testify in such cases where the party or witness who had testified on a former trial is not deceased, but living at the time of the further trial. The limitation is very close, and the language may well cause controversy, but we do not need to decide the question, for it is not necessary to do so in order to determine this case. If the right of the stenographer is confined to a case where the party or witness at former trial is deceased, like limitation may be claimed for one who was present at the former trial, having knowledge of the testimony of the party or witness.
The foregoing analysis of the section quoted is made, because, counsel for the state cite it as authority for the admission of the Darby evidence, although the section is a part of the code of civil procedure; but if we are to admit the claim, we would then be troubled to know whether the right to narrate what was said by a party or witness on a former trial, is not confined to the condition that such party or witness had died since the former trial.
*419 However this may be, we are of opinion, that, unless there is other legislation which extends the provisions of this section to the trial of criminal cases, it will not apply. The common law rules regulating the competency of witnesses and their testimony have, as a general rule, applied to both civil and criminal cases. Where, for the trial of civil cases, a different rule was desired, the code of civil procedure has provided for the change. And if the furtherance of justice required a change of the common law rule as to the trial of criminal cases, the legislature has made the changes, as to the competency of parties, or witnesses, and has otherwise provided for the mode and manner of trial and procedure.
But the state claims that the foregoing section (5242a) has been extended to criminal procedure by the terms of Sec. 7289, Revised Statutes, which reads:
“Except as otherwise provided, the provisions of the code of civil procedure relative to compelling the attendance and testimony of witnesses, their examination, and the administering of oaths and affirmations, and proceedings for contempt to enforce the remedies and protect the rights of parties, shall extend to criminal cases, so far as they are in their nature applicable.”
This section does not mention the competency of witnesses or their testimony, and does not extend the rules of civil procedure as to their competency to criminal cases; and hence does not serve the purpose claimed for it by the state.
We are, therefore, after all that is said about statutory rules and provisions, remitted to the common law for our guide in this case. If these statutory provisions can be extended to criminal cases, we are confronted with a question of their validity under our *420 fundamental law. Whether we turn to the codes of civil, or criminal procedure, or both; or to the rules of evidence at common law, we must look to the constitution of our state to see if- the rights guaranteed by it to a citizen charged with a crime, are not infringed by permitting one who was present and heard the evidence of a material witness for the prosecution at one triál, to narrate his evidence on a second or further trial on the same charge, even if such witness is beyond the jurisdiction of the court and cannot be found at the time of the further or second trial.
Section 10, of our bill of rights provides:
' “ * ' * * jn any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face * *
A similar provision, in different language, is found in the federal constitution.
It has been frequently held, and by many different courts of high authority, that when these constitutions were adopted, both state and federal, they were adopted with a recognition of established contemporaneous common law principles, and as said in one of the cases, they did not repudiate, but cherished the established common law. This law being in the spirit of the adoption of the constitutional guaranty, whatever exceptions to the rule for the production of the witness for the prosecution at the trial then existed, remained as exceptions thereafter. Hence, it is necessary to learn if we can, the extent of the exceptions then recognized by the common law, especially as settled in the United States. This field of investigation is a large one, and we can here give but a summary and cite a few of the leading cases.
*421 We have not before had this precise question before this court. There are two well known exceptions found in our state to the rule excluding hearsay evidence in criminal cases, but they are not decisive of this case.
One is where a witness for the state died after having testified, and at a subsequent trial on the same charge, it was permitted one who heard the testimony of the deceased witness and remembered it, to repeat the same on the second trial.
This was held to be proper in Summons v. State, 5 Ohio St., 325. The court in that case, held that “The clause of the 10th section of the bill of rights, providing that, on any trial in any court, the party accused shall he allowed to meet the ivitnesses face to face, which, like numerous other provisions in the bill of rights is a constitutional guaranty of a fundamental principle well established and recognized at common law, has reference to the personal presence of the witnesses called to testify, and not the quality or competency of the evidence to be given.”
Speaking of this constitutional guaranty on page 341, Bartley, J., says: “The scope and operation of it are clearly defined and well understood, in the common law recognition of it, and the assertion of it in the fundamental law of the state, was designed neither to enlarge or curtail it in its operation, but to giveiit permanency, and secure it against the power of change or innovation.”
The state cites that case, as sustaining its contention, and some language used by the learned judge, seems susceptible of that view; but taking the whole case and confining it to the point necessary to. be decided, it is found not to do so.
*422 And another well known exception to the rule, are dying declarations. Summons v. State, supra, and Robbins v. State, 8 Ohio St., 131.
The ground upon which such declarations are admitted in cases of homicide — declarations made in articula mortis by the subject of the homicide, is largely that of necessity in many cases, and became a rule mainly for that reason.
In some of the early cases in England another exception recognized in civil cases at least, was where the witness at the former trial was “beyond the seas” at the time of the second trial. What the same courts would now decide in such case, since rapid passage has robbed the ocean of most of its terrors, we do not know. Then the tedious and dangerous journey incident to existing means of navigation, might lead a court of justice, in civil, and perhaps in criminal cases, to admit the class of testimony under consideration.
But our research has failed to find a line of well considered cases in this country where, the fact that a witness, after having testified for the state in a criminal prosecution, has gone beyond its jurisdiction, will justify the introduction of his testimony at that trial, on a second trial, unless it appear that the absence of such, witness is through the connivance or procurement of the accused.
We cannot discuss all the cases, or even quote from them, but we think the weight of authority is against such right in the state. There is no constitutional provision requiring the production of witnesses in court, in civil cases. There surely is such guaranty in criminal procedure.
In The People v. Sligh, 48 Mich., 54 the Supreme Court of that state, held that: “Witnesses in civil *423 cases are not required by any constitutional rule to be produced in open court. * * * The testimony of a witness in tbe trial of a criminal case, may be reproduced, if necessary, upon a later trial if tbe witness bas meanwhile died * * * .” On page 56, Campbell, J., says: “The exception, if justified at all, can only be maintained on tbe ground of necessity, and to prevent a failure of justice. Tbe cases which sustain it on tbe ground that tbe rules of civil and criminal evidence are identical, are not in our opinion correct.”
In State v. Houser, 26 Mo., 431, tbe Supreme Court of that state held: “A deposition of a witness, taken upon tbe preliminary examination before a committing magistrate, in tbe presence of tbe accused, is not admissible in evidence on tbe trial upon proof that tbe witness is beyond tbe jurisdiction of tbe court.”
2. If, however, tbe absence of tbe witness at the trial is procured by tbe defendant, tbe deposition would be admissible in evidence.” A full discussion of this question is contained in that case.
In Owens v. State, 63 Miss., 450, it is held: “In a criminal trial, evidence of tbe testimony delivered in a previous trial of tbe same case by a witness not dead, but beyond tbe jurisdiction of tbe court, dr tbe limits of tbe state, is not admissible.”
To tbe same effect is tbe case of Pittman v. State, 92 Ga., 480. There it is held: “Tbe better opinion seems to be that though tbe death, of a witness who testified at tbe commitment trial will render what be testified admissible in evidence in behalf of Q tbe state on tbe final trial of tbe accused for tbe same offense, yet tbe removal of tbe witness from tbe state and consequent inability to procure bis attendance, tbe accused doing nothing to prevent bis attendance, *424 will not, the witness being still- alive, render such testimony admissible.”
A similar holding is in Brogy v. Commonwealth, 10 Grattan, 722, decided by the Supreme Court of Appeals of Virginia. See also McLain v. Commonwealth, 99 Pa. St., 86.
In Commonwealth v. McKenna, 158 Mass., 207, the Supreme Judicial Court of that State held: “At the trial in the superior court, on appeal, of a criminal case, a witness cannot testify to what he heard another person, wlio is ill and unable to attend the trial, testify to at the trial of the case in the lower court.” That court cites many cases to support its conclusions.
In United States v. Angell, 11 Fed. Rep., 34, the circuit court held: “Where a witness w'ho' testified at the preliminary examination of the defendant upon the same charge is living, but has gone out of and beyond the jurisdiction of the court, evidence of wliat he said on the former trial is inadmissible in a criminal prosecution.”
The foregoing, and many of similar import not cited herein, come from states having constitutional guaranties on the subject like our OAvn, and Ave are content in referring to another case decided recently by the Supreme Court of the United States: Motes v. United States, 178 U. S., 458.
In that case, Motes and others were indicted in the circuit court for the Northern District of Alabama for the crime of murder, committed in the execution of a conspiracy to injure, oppress, threaten, and intimidate one Thompson, because of his having informed the United States authorities of violations by the conspirators of the law's of the United States relating to distilling.
*425 At the preliminary trial before a United States Commissioner, Taylor, one of the accused, testified, and his evidence was put in writing and signed by him. It was sufficient, if accepted, to establish the guilt of all of the defendants. The accused had opportunity to cross-examine him. At the final trial in the circuit court, Taylor, who had pleaded guilty, was called as a witness for the government, but did not respond. He had disappeared, although seen in the corridor of the court building an hour before being called. His absence was not by the procurement or advice of the accused, but was due to the negligence of the government officials. The circuit court, over the objections of the accused, allowed Taylor’s written statements made under oath at the examining trial to be read in evidence to the jury. The accused was found guilty and sentenced for life. Held: “That the admission as evidence of the written statements made by Taylor at the examining trial was a violation of the rights of the accused under the clause of the sixth amendment to the constitution of' the United States, declaring that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witness against him.”
In our judgment these cases contain the better and safer doctrine, as holding sacred the high guaranty for the protection of life and liberty, which should not, except for the best of reasons be weakened, invaded or destroyed. It is not invoking the old maxim sometimes abused, “that it is better that ninety-nine guilty persons should escape rather than one innocent man should suffer,” but the maintaining of a plain and valuable right vested in every one accused of crime.
*426 There is another reflection which we ought not to pass by. In the case at bar, the state made the showing at the trial, that the desired witness could not be found by the officers and was then beyond the jurisdiction of the court. By adjournment or continuance of the case to a future time, she might have been found and produced in court. The state should not be given undue advantage of a prisoner, and it may be, that in the hurried examinations which sometimes are practiced before magistrates in a large city, a cross-examination is greatly restricted, while, if the witness appears in the court of common pleas, the latitude of a full cross-examination, might properly increase the legitimate opportunities for a fair trial and an acquittal There, the processes of sifting the evidence and ascertaining the truth are far superior to those available before a justice of the peace, or other examining magistrate. Hence, great caution should be exercised in allowing one to repeat at the Anal trial what a material witness may have said on the former hearing, and it should not be done except in clear and well recognized cases of necessity.
Entertaining these views, we conclude, that the admission of the Darby evidence by the court of common pleas was error, and that it was not error to set aside the verdict which followed its admission; and the exception of the state is overruled.

Exception overruled.

Btjrket, Speak, Dávis and Si-iauok, JJ., concur.