## JONES v. THE STATE.

LUMPKIN, J. 1. Where an application for a continuance was made on the ground of the absence of a material witness, but it was not shown that the movant expected to be able to procure the testimony of such witness at the next term of the court, or that the application was not made for the purpose of delay, but to enable the party to procure the testimony of the absent witness, there was no error in overruling the motion.

2. Where the motion for a new trial showed that the motion to continue was made by counsel for the defendant, who in support thereof stated certain facts in his place; and it was later added, "there being no objections raised to the form of the showing," this latter statement will be construed as referring to the mere form of the showing by statement of counsel in his place, and not as waiving substantial omissions of matters necessary to complete the showing.

3. Where complaint was made of a refusal to continue a case on the ground that counsel, who stated that he was leading counsel for the defendant and had so acted in the two previous trials of the case, stated when the case was called that he was physically unable to go into the trial, being at the time suffering with "fluttering of the heart;" and where the presiding judge certified that this ground for continuance was not urged until after another motion had first been made and overruled, that the case had been continued three times on account of the same counsel, and at the last continuance an entry was made on the docket that further continuance would not be allowed for this cause; and that he saw nothing in the condition of counsel to indicate sickness of any kind, there was no error in overruling the motion to continue. *Rawlins v. State,* 124 *Ga.* 31 (19).

4. When the grounds of the motions for continuance, successively made and overruled, because of the absence of witnesses and for other reasons, are considered in connection with the note appended by the presiding judge to the motion for a new trial, there was no error in overruling them.

5. Where a witness testified on the trial of a criminal case and died before another trial, his evidence taken down by the official stenographer in phonetic characters and transcribed into ordinary characters was admissible at the second trial, where it was shown that the notes were correctly taken, and that the written evidence tendered was a correct transcript of such notes.

6. If certain questions contained in the transcribed questions and answers

of a deceased witness might have been originally objected to as leading, and if objection could be made to them when thus offered after the death of the witness though none was made when he was examined, nevertheless the allowance of leading questions in such a case was a matter within the discretion of the court.

7. The several charges complained of as not authorized by the evidence were in fact so authorized; and they were not erroneous for any reason urged against them. A slight inaccuracy of language apparent in one or two of the charges as set out in the motion for a new trial was so patent as not to be calculated to mislead the jury or to require a new trial.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

Submitted March 18,—Decided April 9, 1907.

Indictment for murder. Before Judge Reagan. Terrell superior court. January 5, 1907.

*M. J. Yeomans* and *W. H. Gurr,* for plaintiff in error.

*John C. Hart,* attorney-general, *J. A. Laing,* solicitor-general, and *Reuben R. Arnold,* contra.