## 8972.  SMITH *v.* THE STATE.

BROYLES, P. J.  1.  All applications for continuances are addressed to the sound legal discretion of the trial judge (Penal Code, § 992), and his decision thereon will not be reversed unless there has been a plain, palpable, and flagrant abuse of this discretion. *Curry* v. *State*, 17 *Ga. App.* 377 (87 S. E. 685), and cases there cited.

2. Upon a motion for a continuance, made by the defendant, and a counter-showing thereto made by the State, the credibility of the witnesses introduced in support of the motion and upon the counter-showing respectively is to be determined by the judge, and his decision in refusing a continuance, where a counter-showing is made, will not be controlled, unless manifestly abused.  This is true even where all the statutory requirements for procuring the presence of the witness who is absent have apparently been complied with. *Kimberly* v. *State*, 4 *Ga. App.* 852 (62 S. E. 571).

3. The trial judge did not err in overruling the motion for a continuance in the instant case.  He was authorized, from the evidence submitted on the motion to continue and upon the counter-showing thereto, to find that at a previous term of court the defendant had been granted a continuance of the case on account of the absence of the same witness upon whose absence the present motion to continue was based, and that the continuance was sought for delay only.

4. The venue was sufficiently shown; there was some evidence authorizing the verdict, and it has been approved by the trial judge.

*Judgment affirmed.  Bloodworth and Harwell, JJ., ·concur.*<br>DECIDED NOVEMBER 2, 1917.

Indictment for larceny; from Liberty superior court—Judge Sheppard.　May 30, 1917.

*S. B. Brewton, Ben A. Way, Edwin A. Cohen,* for plaintiff in error.　*W. F. Slater, solicitor-general,* contra.