## SMITH *v.* THE STATE.

1. The testimony of a witness who was examined on a former trial of a criminal charge, where opportunity of cross-examination was afforded, is admissible in evidence on a subsequent trial of the same defendant upon the same charge, upon proof that the witness has removed from the State and has refused to return and testify in the case.
2. Upon the trial of a criminal case upon the issue of guilty or not guilty, ex parte affidavits are not admissible either for or against the accused.
3. Until the character of a witness is attacked by the adverse party, evidence tending to support that character is not admissible when offered by the party producing the witness.
4. It is error, upon the trial of one indicted for murder, so to instruct the jury as to make the defense of justifiable homicide interposed by the defendant depend both upon an actual necessity to kill and upon the sufficiency of the circumstances to justify the fears of a reasonable man that it was necessary for him to kill the deceased in order to save his own life.

No. 20. FEBRUARY 22, 1918.

Indictment for murder. Before Judge Worley. Oglethorpe superior court. November 25, 1917.

*W. M. Howard, Joel Cloud, E. P. Shull, John R. Cooper, Sibley & McWhorter,* and *W. W. Armistead,* for plaintiff in error.

*Clifford Walker,* attorney-general, *A. S. Skelton,* solicitor-general, *Thomas J. Brown, J. M. Pitner, Paul Brown,* and *M. C. Bennet,* contra.

ATKINSON, J. 1. On the trial of Jack Smith for the murder of Mike Martin, the court admitted in evidence, over objection, a paper purporting to be the report of the testimony of Ola Chambers, a witness for the State, delivered on a former trial of the case in the same court, as reproduced from the notes made by the official court stenographer; also the testimony of certain witnesses who professed to have heard and remembered the substance of the testimony above mentioned so delivered on the former trial, stating from memory what the witness had testified. Preliminary to the introduction of the evidence, it was shown that Ola Chambers had since removed to another State, and that at the time of the last

44

trial she was residing in that State and refused to come to this State to testify in the case. The court stenographer gave testimony as to the accuracy and truthfulness of his report of her testimony on the former trial. An objection to the admission of this report was that its correctness was not sufficiently shown. Against the admission of the testimony of the witnesses who testified from memory to what Ola Chambers had formerly testified, the following objections were urged: "(1) Because under the constitution of the State of Georgia, art. 1, sec. 1, par. 5, the defendant was entitled to be confronted with the witness against him when on trial for his life. (2) Because the manner and demeanor of a witness are important parts of the testimony of a witness, to the consideration of which the jury are entitled; and the reading of said testimony deprived the defendant of the benefit of having the said demeanor and manner of testifying before the jury. (3) Because the defendant thereby was deprived of the benefit of cross-examining the witness on her conduct, statements, and other occurrences affecting her credit down to the time of the trial. (4) Because, there being no law providing for the taking of depositions of a witness in a murder case, the reading of said testimony tends to deprive the defendant of his life and liberty without due process of law, contrary to art. 1, sec. 1, par. 3, of the constitution of this State, and to the fourteenth amendment of the constitution of the United States." In *Burnett* v. *State,* 87 *Ga.* 622 (13 S. E. 552), it was held: "The Code, § 4696, requires the evidence given in on the trial of a felony to be taken down; and by § 4696(a), the official stenographic reporter is the officer to perform this duty. His report, proved by him to be correct, although he may not remember the testimony, is competent evidence in another case of what a witness swore upon the trial at which the report was made, in so far as the same may be pertinent and otherwise competent." A careful examination of the stenographer's testimony as to the accuracy and correctness of his report of the testimony of Ola Chambers, delivered on the former trial, shows its sufficiency to lay the foundation for introducing the copy offered in evidence. This leaves for consideration the remaining objections to the admissibility of the evidence. It is declared by statute now expressed in both the Civil and Penal Codes of this State: "The testimony of a witness, since deceased, or disqualified, or

inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Penal Code, § 1027; Civil Code, § 5773. Applying this statute, it was held in the case of *Smith* v. *State*, 72 *Ga.* 114, all of the Justices concurring: "Where a witness for the State in a criminal case testified on the committing trial, but at the time of the trial in the superior court is in a foreign State and inaccessible, his testimony given in the committing trial may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies; and this may be shown by parol, although it has been reduced to writing under the order of the committing court." In that case the testimony held admissible was delivered before the committal court, and to that extent only the question differs from that now under consideration, where the testimony was delivered before the superior court after the accused had been placed in jeopardy. If the evidence was admissible in the case cited, it would equally be admissible in the case under consideration. In the later case of *Pittman* v. *State*, 92 *Ga.* 480 (17 S. E. 856), all of the Justices concurring, it was held: "The better opinion seems to be that though the death of a witness who has testified at the commitment trial will render what he then testified admissible in evidence in behalf of the State on the final trial of the accused for the same offence, yet the removal of the witness from the State and consequent inability to procure his attendance, . . will not, the witness being still alive, render such testimony admissible. The Code, section 3782, which is general in its provisions, should be construed, touching criminal cases, in conformity with the principle or distinction just indicated, since doing so will harmonize it with both the letter and spirit of the constitutional provision that the accused shall be confronted with the witnesses against him. Hall v. The State, 6 Baxt. (Tenn.) 522; The People v. Newman, 5 Hill, 295; Brogy v. The Commonwealth, 10 Gratt. 722; Collins v. Commonwealth, 12 Bush, 271; Owens v. The State, 63 Miss. 450; Bergen v. The People, 17 Ill. 426 [65 Am. D. 672]; United States v. Angell, 11 Fed. Rep. 34; Wharton's Cr. Ev. section 229; 3 Rice

on Ev. 350 et seq." It will be perceived that, though in direct conflict, this case does not refer to the older case of *Smith* v. *State,* supra. Ordinarily the earlier case would be controlling; but a request has been made to review and overrule it and to follow the ruling in the later case of *Pittman* v. *State,* supra. In the constitution of this State, art. 1, sec. 1, par. 5, of the bill of rights (Civil Code, § 6361), it is provided as follows: "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel; . . shall be confronted with the witnesses testifying against him." *Smith* v. *State* had reference to admissibility of testimony of a witness delivered at a former trial, the witness being inaccessible at the time of the main trial on account of his residence in another State; and while holding the evidence admissible, the above provision of the constitution was not expressly mentioned. This court has decided in criminal cases, both before and since *Smith* v. *State,* supra, that where the witness is dead his testimony delivered at a former trial of the case, when properly proved, is admissible. *Robinson* v. *State,* 68 *Ga.* 833, and citations; *Jones* v. *State,* 128 *Ga.* 23 (5), (57 S. E. 313). *Pittman* ·v. *State,* supra, pronounces the same doctrine, but draws a distinction where the witness is still alive and inaccessible on account of residence in another State, and holds that in such case, on account of the constitutional requirement of confronting the accused with the witnesses against him, evidence of testimony of an inaccessible living witness delivered at a former trial is inadmissible. The distinction sought to be drawn is not recognized in the constitution, and none exists; for whether the witness testifying at the former trial be absent because of death or because he is beyond the jurisdiction of the State, it is equally impossible to bring him before the jury to confront the accused at the final trial. It is inconsistent to hold that confrontation requires actual presence of the witness before the jury at the final trial in the one case and not in the other. The case of Mattox v. United States, 156 U. S. 237 (15 Sup. Ct. 337, 39 L. ed. 409), involved admissibility of evidence of the testimony of a witness since deceased, delivered at a former trial of the accused. Referring to the provision of the Federal constitution requiring confrontation by the witness, it was said: "The primary object of the constitutional provision in question was to prevent depositions or ex

parte affidavits, such as were sometimes admitted in civil causes, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury, in order that they may look at him and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. There is doubtless reason for saying that the accused should never lose the benefit of any of these safeguards even by the death of the witness; and that, if notes of his testimony are permitted to be read, he is deprived of the advantage of that personal presence of the witness before the jury which the law has designed for his protection. But general rules of law of this kind, however beneficent in their operation and valuable to the accused, must occasionally give way to consideration of public policy and the necessities of the case. To say that a criminal, after having once been convicted by the testimony of a certain witness, should go scot free simply because death has closed the mouth of that witness, would be carrying his constitutional protection to an unwarrantable extent. The law in its wisdom declares that the rights of the public shall not be wholly sacrificed in order that an incidental benefit may be preserved to the accused." In the case of State v. Simmons, 78 Kan. 852 (98 Pac. 277), it was held: "The State may use the evidence of a witness upon the second trial of a felony when the evidence given by the witness on the first trial was reduced to writing and properly identified, and at the time of the second trial the witness was dead or was not within the boundaries of the State." In the course of the opinion it was said: "The defendant had been confronted with the witness, and had had the opportunity of cross-examining her; and to hold that at each successive trial the defendant must again be confronted with each witness would result frequently in the defeat of justice. The necessities of the case are the same where the witness at the time of the second trial is beyond the jurisdiction of the court as where he is dead. The State can neither produce him personally nor introduce his deposition, if it were taken." By the great weight of authority, the rule thus stated is applied whether the witness is dead, or he yet lives but is beyond the jurisdiction of the court. State v. Nelson, 68

Kan. 566 (75 Pac. 505, 1 Ann. Cas. 468) ; Spencer *v.* State, 132 Wis. 509 (112 N. W. 462, 122 Am. St. R. 989, 13 Ann. Cas. 969) ; Robertson *v.* State, 63 Tex. Crim. 216 (142 S. W. 533, Ann. Cas. 1913 C, 440, and cases cited in the notes). See also 8 R. C. L. § 211. For the reasons indicated the ruling in *Smith* v. *State,* supra, upon review is reaffirmed, and the ruling in *Pittman* v. *State,* supra, is disapproved and overruled. Another contention is that admission of the evidence was violative of the due-process clause of the constitutions of this State and of the United States. In West *v.* Louisiana, 194 U. S. 258 (24 Sup. Ct. 650, 48 L. ed. 965), it was held: "The reading; in accordance with the law of the State, on a criminal trial in a State court, of a deposition taken before the committing magistrate, in the presence of the accused, of a witness who had been cross-examined by the counsel for accused and who was permanently absent from the State, does not deprive the accused of his liberty without due process of law, and is not violative of any provision in the Federal constitution or any of the amendments thereto." There was no error in admitting the evidence.

2. The ruling announced in the second headnote requires no elaboration.

3. The defendant offered to prove, by a witness sworn on his behalf: "I have served as a foreman of the grand jury in my county." Upon objection by the State that this testimony was irrelevant, the court excluded it; and complaint is made of this ruling. The testimony offered could have relevancy only as showing the good character of the witness. It does not appear from the record that any attack had been made upon the character of the witness, and in the absence of such attack supporting evidence of his character was not admissible. *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 (23 S. E. 644), and cases cited.

4. The defendant, in his statement on the trial, set up that he slew the deceased under circumstances which would authorize the jury to find that the killing was done either on account of an actual necessity to prevent a felony from being committed upon him, or that it was done under the fears of a reasonable man that a felony was about to be committed upon his person. While instructing the jury the judge charged: "If you believe that at the time the mortal blow was given that the deceased was endeavoring by vio-

lence or surprise to commit a felony on the defendant, and that the defendant was acting under the fears of a reasonable man in good faith, believing that there was a felonious assault being made or about to be made upon him, and that he killed to protect himself from such felonious assault being made or about to be made upon him, and that he killed to protect himself from such felonious assault, then he would not be guilty of any offense." By the use of the conjunctive, "and" instead of the disjunctive "or" the court confused the two principles of the law of justifiable homicide mentioned above, and the charge was calculated to lead the jury to conclude that before they could acquit the accused on the ground of self-defense it would be necessary to find that the killing was done on account of both actual necessity to kill to prevent a felony from being committed upon him, and under the fears of a reasonable man that a felony was about to be committed upon him. The error was not corrected in other portions of the charge, and it is cause for reversal. Grounds of the motion for new trial complaining of other portions of the charge show no cause for reversal.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*