### 16707.   TEEMS v. THE STATE.

There was no abuse of discretion in refusing to continue the case.
A conviction of voluntary manslaughter was authorized by the evidence.

DECIDED NOVEMBER 11, 1925.

Conviction of manslaughter; from Chattooga superior court— Judge Wright. June 11, 1925.

*F. W. Copeland,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. N. Andrews,* contra.

BLOODWORTH, J. 1. The only special ground of the motion for a new trial alleges that the court erred in overruling a motion

to continue the case on account of the absence of a witness.  The
motion to continue shows that this witness was present when the
difficulty arose in which a person was killed and out of which grew
the indictment against the defendant; that the witness had moved
from Georgia and was living in Alabama, and that on cross-
examination the defendant swore:  "I don't know what I can prove
by him.  He never told me, but he will swear the truth.  I have
never talked to him.  He is over in Alabama.  I have been in jail
two months.  I got out this subpœna since court started this week."
Under this showing we can not say that the judge abused his dis-
cretion in refusing to continue the case.  *Smith* v. *State,* 21 *Ga.
App.* 237 (1) (94 S. E. 265).  Moreover, the motion to continue
was incomplete.  There is no statement from the defendant "that
he expects he will be able to procure the testimony of the witness
at the next term of court; and that the application is not made
for the purpose of delay, but to enable the party to procure the
testimony of the absent witness."  See Penal Code (1910), § 987;
*Jones* v. *State,* 128 *Ga.* 23 (1) (57 S. E. 313); *Long* v. *State,* 25
*Ga. App.* 22 (2) (102 S. E. 359).

2.  There is evidence to support the verdict of voluntary man-
slaughter.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*