Note.—Reported in 207 N. W. 550. See, Headnote (1), American Key-Numbered Digest, States, Key-No. 94, 36 Cyc. 877; (2) Statutes, Key-No. 125(1), 36 Cyc. 1042.

---

STATE, Respondent, v. KENSTLER, Appellant.

(207 N. W. 535.)

(File No. 5400.   Opinion filed March 5, 1926.)

1, Criminal Law—Preliminary Hearing.
   For testimony at preliminary examination to be admissible against defendant, issues at examination and trial must be same.

2. Criminal Law—Larceny—Constitutional Law—Testimony at Preliminary Examination on Charge of Working Over Brand on Another's cow is Not Admissible on Trial for Grand Larceny of Same Cow; the Issues Not Being Same, Though Act Constituting Offense Was Identical, and Reception of Such Testi-

mony is violative of Constitutional Right of Accused to Confront Witnesses (Const., art. 6, Sec. 7; Rev. Code 1919, Sec. 4410).

Prosecution for larceny of a red cow, bearing certain brand, and owned by John H. Faulkner, is based on different issues than preliminary examination charging mutilation of brand on three-year old heifer, belonging to Amos Faulkner, so that admission of testimony taken at preliminary examination was in violation of Const. art. 6, Sec. 7; Rev. Sode 1919, Sec. 4410, granting defendant right to be confronted by opposing witnesses, and was reversible error.

Appeal from Circuit Court, Butte County; Hon. James Mc-Nenny, Judge.

Fred Kenstler was convicted of grand larceny, and he appeals from the judgment and from an order denying a motion for new trial. Reversed.

*Thomas G. Wall,* of Newell, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* of Pierre, for the State.

(2) To point two of the opinion, Appellant cited: Dukes v. State, 89 Miss. 351 31 So 744; State v. Heffernan, 22 S. D. 513, 118 N. W. 1027

POLLEY, J. Appellant was convicted on a charge of grand larceny. His motion for a new trial was overruled, and he appeals to this court. The subject of the larceny was a red cow, bearing a certain brand described in the information, and alleged to be the property of one John H. Faulkner. Said Faulkner was absent from the state at the time of the trial, and the court, over objection of appellant, admitted the testimony of the said Faulkner that had been taken before a justice of the peace in a preliminary examination of the appellant. The grounds of the objection to this testimony were: First, that it amounted to a denial of appellant's constitutional right (section 7, art. 6, Const.; section 4410, R. C.) to be confronted, "face to face," by the witnesses against him at the trial; and, second, that the preliminary examination at which said testimony was taken was not in the same case, nor upon the same charge as the one contained in the information upon which appellant was being tried. There were, in fact, two different charges and two separate examinations. The information upon which appellant was tried charges him with the larceny of a cer-

tain red cow, bearing the double wrench brand, made like this ⌐ ⌐ on the left side, and being the property of John H. Faulkner; which larceny is alleged to have been committed on the 10th day of January, 1920. The complaint upon which the preliminary examination, wherein said Faulkner testified, was had, charged that appellant worked over a certain brand, to wit, the reverse E H E connected, made like this  ]—[  on a three-year old heifer belonging to Amos Faulkner, and alleged to have been done on the 1st day of July, 1920.

[1, 2]   Whether the testimony taken at a preliminary examination may, under any circumstances, be used against the defendant at the trial, is a question upon which the courts differ. Dukes v. State, 31 So. 744, 80 Miss. 353. This court has held that such testimony is admissible (State v. Heffernan, 123 N. W. 87, 24 S. D. 1, 25 L. R. A. (N. S.) 868, 140 Am. St. Rep. 764), but holds that, in order that the testimony may be admissible, the issue at the trial must be the same as the issue at the preliminary examination. Using this as the test of admissibility, we are of the opinion that the testimony was not admissible in this case. It can hardly be said that the issue on a charge of stealing a red cow, branded with the double wrench brand, belonging to John H. Faulkner, is the same as the issue on a charge of mutilating the reverse E H E connected brand on a three-year-old heifer belonging to Amos Faulkner. It is true in this case the act constituting the offense is the same in both charges. But the principal purpose of allowing a defendant to meet the witnesses against him "face to face," and one of a defendant's most valuable rights on a criminal trial, is to give him an opportunity to cross-examine the witnesses. The manner and extent of the cross-examination of witnesses is governed by the peculiar circumstances of each individual case, and, where there is such a difference in the issues as to suggest or make proper or desirable a different line of cross-examination, this testimony should not be admitted—if, indeed, the admission of this testimony under any circumstances does not deprive a defendant in a criminal trial of one of his most valuable constitutional rights.

For this error alone a new trial must be granted, and it is unnecessary to consider the other assignments, though it is not out of place at this time to say that the defendant was so re-

stricted in the cross-examination of the state's witnesses as to practically deprive him of the right of cross-examination.

The judgment and order appealed from are reversed.

Note.—Reported in 207 N. W. 535. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 545, 16 C. J. Sec. 1557; (2) Criminal, Key-No. 545, 662(6), 16 C. J. Secs. 1557, 2112.