STATE, Respondent, v. CARR, Appellant

(294 N. W. 174.)

(File No. 8297. Opinion filed October 8, 1940.)

**Max Royhl,** of Huron, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **Wm. Ochsner,** State's Atty., of Wessington Springs, for Respondent.

POLLEY, J. Defendant was convicted of grand larceny alleged to have been committed in Jerauld County and brings the case to this court on appeal.

At the preliminary hearing one Edwin Neuharth was sworn and testified on behalf of the state. His testimony was taken in shorthand and transcribed; and his name is indorsed on the information as one of the witnesses on whose testimony defendant was bound over to the circuit court. Neuharth was not present at the trial, but over proper objection by the defendant the state's attorney was permitted to read his testimony to the jury from the said transcript. Error is predicated upon the reception of this testimony.

Defendant contends that in the admission of this testimony his constitutional and legal rights were violated. Section 7 of Art. 6 of the State Constitution provides that in all criminal prosecutions the accused shall have the right to meet the witnesses against him "face to face." The only reason shown by the state why this witness was not present at the trial was that he could not "conveniently be found." It is shown by the evidence that a subpoena for this witness was issued and placed in the hands of the sheriff for service; that before the case was called for trial, said sheriff went to the home of the defendant Carr, where said witness was then living, for the purpose of serving said subpoena. The witness was not present when the sheriff arrived nor was any member of the Carr family at home. The sheriff then

went to the home of one of Carr's neighbors and made inquiry as to the whereabouts of Neuharth. No one at that place knew where Neuharth was and the sheriff proceeded to the home of another neighbor, but what, if anything, he learned there about the witness is not shown. No other or further effort of any kind was made by the sheriff to find the witness, or to ascertain his then present whereabouts. No showing was made that the witness was out of the state, or even out of the immediate neighborhood at that time.

■ Admitting testimony given at a prior trial of the same case, or at a preliminary hearing of the same case, by an absent witness has become a settled rule by practically all of the courts. Jack Smith v. State of Georgia, 147 Ga. 689, 95 S. E. 281, 15 A.L.R. 490, and note appended thereto at page 495. The rule has been recognized in this state. State v. Heffernan, 22 S. D. 513, 118 N. W. 1027, 25 L.R.A. N.S., 868; Id., 24 S. D. 1, 123 N. W. 87, 25 L.R.A., N.S., 868, 140 Am. St. Rep. 764; State v. Kentsler, 49 S. D. 551, 207 N. W. 535; and State v. Swiden et al., 62 S. D. 208, 252 N. W. 628; 16 C. J. 758, § 1557, note 57. On rehearing in State v. Heffernan, supra, the rule for the reception of testimony taken at a former trial, or a former stage of the same trial, is stated as follows [24 S. D. 1, 123 N. W. 88, 25 L.R.A., N. S., 868, 140 Am. St. Rep. 764]: "It has long been a settled rule of evidence, as one of the exceptions to the general rule excluding hearsay, that the testimony of a witness given in a former action, or at a former stage of the same action, is competent in a subsequent action, or in a subsequent proceeding of the same action, where it is shown that such witness is dead, has become insane or disqualified, is beyond the jurisdiction of the court (that is, out of the state), cannot conveniently be found, or has been kept away by the opposite party, where it is also shown that the former giving of such testimony was under oath, and that opposing party cross-examined or was afforded an opportunity to cross-examine such witness."

But such testimony is not to be received as a matter of course, nor as a matter of convenience, but of necessity only. The phrase "cannot conveniently be found" as used in the

case of State v. Heffernan, supra, is not a correct statement of the rule. What we believe to be the more correct rule is stated in 16 C. J. page 757, § 1557, as follows: "The testimony given by a witness on the preliminary examination or on a former trial is not admissible as substantive evidence, unless it is satisfactorily shown by the side offering the evidence that such an examination or trial was had in a judicial tribunal; that the witness was sworn and testified; that accused was present and had an opportunity for cross-examination; that the parties and the issues were substantially the same as in the case on trial; and that the witness has since died, or has become insane or has left the state permanently or for an indefinite time, or is unable to attend and testify on account of sickness or physical disability, or after due diligence cannot be found."

And it must be affirmatively shown that the party desiring to use such testimony has used due diligence in his effort to find the witness; and under the present law, Chapter 259, Laws 1937, SDC 34.25, the mere fact that the witness is beyond the jurisdiction of the court is not, in all cases, a sufficient showing to admit the former testimony, but that point is not involved in this case because it was not claimed that the desired witness was out of the state.

 In our opinion the effort made by the sheriff to serve the subpoena does not show sufficient diligence on his part to excuse the personal attendance of the witness.

The judgment and order appealed from are reversed.
All the Judges concur.