## COLE *v.* THE STATE.

LUMPKIN, J. 1. On the trial of a defendant indicted for murder, where the evidence showed that about ten or fifteen minutes after the difficulty between the accused and the deceased was over, and the parties had separated and one of them had left the place, a witness, who had not been present, saw the accused and found two knots on his left temple, which the witness rubbed with turpentine, a statement then made by the accused as ·a narrative of a past transaction, to the effect that the deceased struck him, formed no part of the res gestæ, and was properly excluded from the evidence. *Dixon* v. *State,* 116 *Ga.* 186; *Warrick* v. *State,* 125 *Ga.* 133.

2. Where a difficulty occurred at night between the accused and the deceased, and the former struck the latter on the head, from which injury the deceased afterwards died, evidence that on the morning after such difficulty the person so stricken stated to the accused and a witness that he himself was to blame for the difficulty, and that he apologized for the way that he had treated the accused, was properly rejected, it not appearing that this was a dying declaration, or was offered in rebuttal of any dying declaration.

3. The charge of the court having fully explained to the jury the necessity to prove the accused guilty beyond a reasonable doubt in order to authorize a conviction, it furnished no ground for a new trial that he also stated to them that "the State is bound only to establish his guilt to a reasonable and moral certainty; and if the State has done that, it is

your duty to convict the defendant." Taking the entire charge to-
gether, there was no error on this subject. *Bone* v. *State*, 102 *Ga.* 387.

4. The evidence authorized the jury to find the defendant guilty of volun-
tary manslaughter.        *Judgment affirmed. All the Justices concur.*

Submitted April 16,—Decided May 11, 1906.

Conviction of manslaughter. Before Judge Martin. Pulaski
superior court. February 5, 1906.

*H. E. Coates* and *Pate & Turner,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.