25935. WARD v. THE STATE.

SUBMITTED JULY 14, 1970—DECIDED SEPTEMBER 10, 1970.

*Thomas M. Jackson*, for appellant.

*Albert D. Mullis, District Attorney, Lovejoy Boyer, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Dorothy T. Beasley, Assistant Attorneys General*, for appellee.

ALMAND, Chief Justice. Under an indictment charging him with the murder of George M. Grinstead, the appellant, Ray Ward, on his trial was found guilty by the jury without a

recommendation of mercy and sentenced to death by electro-cution.

Ward's motion for a new trial was denied and an appeal was filed. There are ten enumerations of error. Only grounds 2, 3 and 4 are argued by counsel and we will review only these grounds. *B-X Corp. v. Jeter,* 210 Ga. 250 (4) (78 SE2d 790).

■ These grounds will be considered together. The appellant asserts that the court erred in admitting in evidence statements made by the deceased to three witnesses for the State, viz., George E. Grinstead, Mary Petty and Sheriff Andrew Hill.

The deceased, who operated a grocery store in the City of Hawkinsville, was shot on January 11, 1969, at about 9 p.m. while he was in the process of closing his store. There was no eyewitness to the shooting. A Mr. McLendon, who lived across the street from the grocery store, heard shots and Grinstead's call for help. He found Grinstead in front of the store. Grinstead was taken to the hospital. His son, George Grinstead, his daughter, Mary Petty, and Sheriff Hall, arrived at the hospital shortly after the victim reached the hospital. He told his son that he was going to die. He said to his daughter that he wanted to see all of his children before he went and in response to her assurance that he would live, he replied, "No, daughter. Daddy won't make it through this." He told her what he wanted done with his property. He said that he had not made a will and asked her to look after it. He told them what clothes he wanted to be buried in.

Sheriff Hill arrived at the hospital before Grinstead was taken into surgery, and heard the conversation between Grinstead and his daughter. Dr. Baker performed emergency surgery on Grinstead. He testified that Grinstead died on January 25, the cause of his death being a gunshot wound in his abdomen. He testified that the victim came out of postoperative shock in the first 24 hours after surgery, but lapsed back into shock in two or three days and went downhill until he died. He further testified that Grinstead was conscious of the fact that he was seriously injured when he was brought to the hospital.

The victim, in his conversation with Sheriff Hill, said that Ray Ward shot him. (The defendant, in his statement to the

jury, admitted he shot the diseased, but claimed he did so in self-defense.)

All of the above evidence was admitted, after the court, out of the presence of the jury, had determined that the statements made by Grinstead were admissible as dying declarations, over objections that these statements came within the rule of hearsay evidence and were not admissible as dying declarations.

The evidence as a whole was sufficient to show, prima facie, that the deceased was in the article of death and conscious of his condition at the time the declarations were made. Since a proper foundation was laid, the evidence was properly admitted. The jury, under the charge of the court as to dying declarations, was authorized to find that the deceased was in the article of death and was conscious of his condition when the declarations were made. *Code* § 38-307. While the lapse of a long period of time between the making of the declaration and the event of death may within itself constitute some evidence that the declarant has not despaired of recovery, the actual period of survival is not controlling. *Kalb v. State,* 195 Ga. 544 (25 SE2d 24). Headnote 4 in that case reads: "The preliminary evidence was sufficient to establish a prima facie foundation for admission of the testimony as to statements made by the deceased and offered by the State as dying declarations, and the statements shown to have been made were not inadmissible for any reason urged. The mere fact that the declarant lived for about three and a half months after making them was not controlling upon the admissibility of such statements."

Headnote 5 reads: "The charge on the subject of dying declarations was not subject to exception on the ground that it contained an expression of opinion by the trial judge, and was not otherwise erroneous as contended. While the lapse of a long period of time between the making of the declaration and the event of death may within itself constitute some evidence that the declarant had not despaired of recovery, it is nevertheless true, as was stated in the charge, that the actual period of survival after making the declaration is not controlling. If further instructions were desired, they should have been

requested." *Emmett v. State,* 195 Ga. 517 (25 SE2d 9). See also, *Johnson v. State,* 169 Ga. 814 (3b) (152 SE 76).

■ We have reviewed the evidence and it supports the verdict.

*Judgment affirmed. All the Justices concur.*