26552. THRASH (THRASHER) v. THE STATE.

UNDERCOFLER, Justice. Appellant was convicted and sentenced to life imprisonment for the murder of his wife. He appeals. *Held:*

1. The statement of the deceased was properly admitted into evi-

dence as a dying declaration. The evidence shows that the deceased while in the hospital in intensive care stated that the appellant came and knocked on her door, she was afraid to open the door, he pushed the door open with his foot, he entered the house with a gun in his hand, he beat her, then he intentionally shot her in the stomach, he meant to kill her, and she stated she was not going to leave the hospital alive. *Code* § 38-307; *Oliver v. State,* 129 Ga. 777 (59 SE 900); *Kalb v. State,* 195 Ga. 544 (4) (25 SE2d 24); *Ayers v. State,* 215 Ga. 325 (110 SE2d 669); *Ward v. State,* 226 Ga. 724 (177 SE2d 378).

2. Appellant's right of cross examination was not restricted unlawfully. Whether the witness to whom the dying declaration was made had examined the deceased's wound was not material to this issue.

(a) The alleged error of the trial court in sustaining an objection to a question directed to this same witness concerning social security benefits for the deceased's two minor children is without merit. The witness answered the question later during the course of the examination and the error, if any, was harmless.

3. The trial court's charge on admissions was warranted under the evidence.

4. In the absence of request, a charge on dying declarations was not required in this case. *Hall v. State,* 124 Ga. 649 (2) (52 SE 891); *Thomas v. State,* 150 Ga. 269 (1) (103 SE 244).

5. The evidence was sufficient to authorize the verdict.

> *Judgment affirmed. All the Justices concur.*
> ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Alfred A. Quillian,* for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.