## 29580. FREEMAN v. THE STATE.

JORDAN, Justice.

Robert Freeman was convicted of the murder of his wife, Gertrude Freeman, and was given a life sentence. He appeals from his conviction and sentence.

The state's evidence showed the following: The appellant shot his wife with a shotgun on January 20, 1973. She died on September 20, 1973, after an operation in connection with her injuries. The appellant and his wife were estranged at the time of the shooting. On the day before the shooting he came to their home, gave his wife some money, and got his shotgun, stating that he might need it that evening. While he was there he told his

wife that there were three things he had better not catch her doing, let another man drive his car, have another man in his car, or be in a bar drinking beer. That evening the appellant's wife, her five children, and her sister went to several places and did not get back to their home until nearly four the next morning. Soon after they got home the appellant kicked in the back door of the house, and came in with a shotgun in his hands. He put the shotgun against the sister's chest, cursed, and told her not to open her mouth or he would blow her brains out. He then threatened to kill everyone in the house. His wife came out of the bathroom, and he turned around and shot her.

The appellant in his testimony admitted his forceful entry into his wife's home, and that he threatened the people in the home. His version of the shooting was that when his wife came out of the bathroom he started to push by her, but she grabbed the barrel of the gun and snatched it, causing his thumb to hit the hammer and the other one to hit the trigger, whereupon "the gun went off."

1. The first error enumerated is the refusal of the trial judge to allow several witnesses for the appellant to testify as to conversations with the victim concerning how the shooting occurred.

None of these statements was made immediately after the shooting, and they were not a part of the res gestae. Counsel for the appellant contends in his brief that the statements were admissible under Code § 38-307 as dying declarations.

As contended by counsel for the appellant, dying declarations can be used by an accused for the purpose of showing his innocence (*Flannigan v. State,* 135 Ga. 221 (2) (69 SE 171); *Johnson v. State,* 169 Ga. 814 (4) (152 SE 76)), and such declarations may be admitted even though there was some period of time between the victim's statements and death. *Kalb v. State,* 195 Ga. 544 (4) (25 SE2d 24); *Ward v. State,* 226 Ga. 724 (1) (177 SE2d 378).

However, in order for hearsay statements to be admissible as dying declarations it is essential that they were made while the declarant was in extremis as a result of an injury, and under a sense of impending death, without hope of recovery. *Emmett v. State,* 195 Ga. 517, 534 (25 SE2d 9).

In the present case the appellant did not offer the statements of the victim as dying declarations, nor attempt to make a prima facie case that the statements were made by the victim while she was aware of impending death.

It was not error to refuse to admit the hearsay statements of the victim. *Cole v. State,* 125 Ga. 276 (2) (53 SE 958).

2. The second error enumerated is the refusal of the trial judge to allow the introduction of an affidavit by the victim made on March 2, 1973.

In this affidavit the victim stated that: she is not able to appear in court to testify because of her physical condition; she has been released from the hospital "for the time being"; she is living with her husband (the appellant), has completely forgiven him, and does not wish to prosecute him or have him prosecuted for her injuries; and the whole incident was an accident caused by her grabbing and pulling on a loaded gun.

"Upon the trial of a criminal case upon the issue of guilty or not guilty, ex parte affidavits are not admissible either for or against the accused." *Smith v. State,* 147 Ga. 689 (2) (95 SE 281, 15 ALR 490).

The appellant asserts that the affidavit was competent evidence under Code § 38-405 (2) as an admission "by a third person against his interest, as to a fact collateral to the main issue between the litigants but essential to the adjudication of the cause."

There is no merit in this contention.

The trial judge did not err in refusing to allow this affidavit in evidence.

3. The third enumerated error is the trial court's refusal to charge the jury on the law governing voluntary manslaughter.

There was no evidence for the state or the appellant requiring a charge on voluntary manslaughter.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 18, 1975.

*H. B. Edwards, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Deputy Assistant Attorney General,* for appellee.