### 36101. Martin *v.* The State.

Townsend, J. 1. On the trial of the defendant in Glynn Superior Court for the offense of sodomy it appears that a boy of 15, a witness for the State, testified on direct examination that he and the defendant did not commit the act of which the defendant was accused but only certain preliminaries thereto; that thereupon the solicitor requested a recess; that after the recess, during which the solicitor, the father of the witness, and the witness had had a private conversation, the witness testified

that the act referred to was in fact committed, but that he had denied it at first because he had understood from his father that he did not have to tell "the whole truth." At the time the solicitor requested a recess for the purpose of talking with the witness the only objection by counsel for the defendant was as follows: "I object to the removal of the witness from the stand. It is highly prejudicial to the defendant." This objection does not raise the question now urged by counsel for the defendant, that the acts following the witness's removal from the stand violated the rules relating to sequestration of witnesses, and as it does not show that the question was properly presented to the trial court, it will not be considered by this court. *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (1) (39 S. E. 105). An objection merely on the ground that a certain action is "prejudicial" is too vague and indefinite to present a question for decision. *Cowart* v. *State,* 30 *Ga. App.* 289 (1) (117 S. E. 663). Accordingly, the first ground of the amended motion for a new trial presents nothing for determination by this court. That the violation of the rule as to sequestration of witness is usually error, however, see *Hightower* v. *State,* 14 *Ga. App.* 246 (4) (80 S. E. 684).

2. Failure to charge under the provisions of Code § 38-1806 that, "If a witness shall swear wilfully and knowingly falsely to a fact material to the issue on trial, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence" is error, even in the absence of a request "if a witness swears at the trial to a certain state of facts in a material matter, and he has previously sworn to the contrary in the same case." *Smaha* v. *George,* 195 *Ga.* 412, 418 (24 S. E. 2d 385); *Jones* v. *State,* 70 *Ga. App.* 431 (4), 439 (28 S. E. 2d 373); *Smith* v. *State,* 74 *Ga. App.* 777, 788 (41 S. E. 2d 541). The indictment in this case charged the defendant with sodomy by means of perpetration of the act in a described manner with a named witness. The witness in question first testified that the act was not so perpetrated and, after the recess, testified that it was done as described in the indictment. He did not urge in favor of his first statement that he was confused, mistaken, or misunderstood, but merely that he had at first understood he did not need to tell the whole truth of the matter, admitting the falsity of his first testimony. Accordingly, it would seem that this rule of law squarely fits the fact of this case, and it must be held error for the court to fail to so charge under these circumstances.

3. It was not error for the court, without request, to fail to charge that the indictment in the case is not evidence, there being no circumstances shown which would have led the jury to believe that they should consider it as evidence in the case.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 14, 1956.

*Wilson & Wilson,* for plaintiff in error.

*W. Glenn Thomas, Solicitor-General, George B. Cowart,* contra.