## 45150.  EBERHART v. THE STATE.

DEEN, Judge.  1.  "The provisions of the Code, § 38-1806, that the testimony of a witness who swears wilfully and knowingly falsely is to be disregarded unless corroborated, where applicable, is required to be charged in the absence of a written request.  But to make it applicable it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest." *Smith v. State,* 74 Ga. App. 777 (2) (41 SE2d 541).  For an example of wilful falsification see *Martin v. State,* 93 Ga. App. 580 (92 SE2d 233).  To constitute reversible error in the absence of request, the subject matter must be material.  In this case the defendant came to the door of the deceased's home, the deceased and defendant went into the yard, there is contradictory evidence as to whether or not the deceased pulled a knife or initiated an attack, but the defendant drew a pistol, shot the deceased, and left in an automobile.  Two witnesses for the State testified that when the defendant knocked on the door, "I heard somebody say to come outside, he wanted to talk to him."  On cross examination of one of these witnesses the following transpired: "I will ask you to look on page 24 of the transcript from the magistrate court—you

testified here before this jury today that you heard somebody ask him to come outside? A. Yes, sir. Q. How about reading that right there—what does that say? Tell the jury what you testified over there in the magistrate's court? A. 'I did not hear anybody ask him to come outside.' That is what it says here. Q. That is what you testified over there in the magistrate's court, isn't that right? A. I am telling you the truth about it here now."

The court apparently treated this as a prior contradictory statement, and charged at length on that subject, but did not instruct on the effect of wilfully and knowingly swearing falsely in the same case. The effect in the first instance is to leave the witness' credibility to the jury, in the second the testimony must be entirely disregarded unless there is corroboration from other sources. Since there was such corroboration in this case, since the facts with which the testimony is concerned although relevant are merely collateral to the main issue, and since the transcript of testimony from the magistrate's court was neither introduced in evidence nor the truth of the excerpt specifically admitted by the witness, we do not believe this point to be a sufficient ground for reversal in the absence of a request to charge.

2. The right to a thorough and sifting cross examination includes the right to test a witness who has testified to the good character of the accused by asking hypothetical questions embodying facts sought to be proved by the State against the defendant. *Holley v. State,* 191 Ga. 804 (5) (14 SE2d 103).

3. It was held in *Gavan v. Ellsworth,* 45 Ga. 283, cited in *State Farm Mut. Auto. Ins. Co. v. Rogers,* 105 Ga. App. 778, 783 (125 SE2d 893), that, after both sides have examined a witness and he has left the stand and the parties have rested, the opposite party may not thereafter recall him for further cross examination but may recall him as his own witness. The rule is not inflexible, however, but is largely within the discretion of the trial court. See *Cothran v. Forsyth,* 68 Ga. 560 (2), where it was held that a party so recalled remained on cross examination. We assume that the trial court does have a discretion, not only in whether to allow a witness to be recalled, but also in the decision of whether, when recalled, he becomes the witness of the party so recalling him. In the present case the court specifically ruled that the State's at-

torney, in recalling a witness for the defendant, made him thereby a witness for the State. To this ruling the State's attorney assented by saying, "I would just like to show the veracity of my own witness" and "I am not trying to impeach him." Nevertheless, the obvious purpose for the recall was (a) to show that the witness was presently in jail on a revocation of probation on a larceny charge and (b) to lay a foundation for impeachment by contradictory statements by questioning the witness as to a conversation with a police detective, and then immediately calling the detective to the stand for the purpose of disproving the witness' version of the conversation with the detective, who swore the witness told him he had not been at the scene of the crime. A party is certainly permitted to prove matter which contradicts and therefore may tend to impeach the veracity of his own witness. *Tanner v. State,* 161 Ga. 193 (5) (130 SE 64). But to put the witness up *merely* for the purpose of discrediting him, or *merely* to lay a foundation for him to be contradicted on a material point and thereby rendered unworthy of belief, is reversible error. *Jeens v. Wrightsville &c. R.,* 144 Ga. 48 (85 SE 1055). That Huff was recalled for this purpose, and that the detective who followed him on the stand gave his testimony solely to impeach Huff is shown by the court's caution to the jury that the detective's testimony should not be considered evidence of the truth of any fact, but should only be considered in determining the credit to be given Huff's testimony. The only purpose of the State in recalling Huff and the detective was to impeach Huff, and this the State could not do at the same time it was proclaiming Huff to be its own witness. *Code Ann.* § 38-1801. Enumerations of error 5, 6, and 7 are well taken.

4. The day following the homicide the defendant turned himself in to the authorities, admitted the killing, and defended on the ground that he came peaceably to the decedent's home; the decedent drew a knife on him and hit him, he drew his gun but did not intend to shoot it, the defendant hit the gun and it went off. Failure to charge the law of accidental homicide was error under these facts. *Smith v. State,* 200 Ga. 188 (2) (36 SE2d 350).

*Judgment reversed and case remanded for a new trial. Hall, P. J., and Evans, J., concur.*

SUBMITTED MARCH 4, 1970—DECIDED APRIL 7, 1970.

*Hudson & Stula, Jim Hudson,* for appellant.
*Thomas W. Ridgway, District Attorney,* for appellee.