Submitted February 4, 1975 — Decided February 21, 1975.

*Ronnie L. Gross, pro se.*

## 50253. BECTON v. THE STATE.

Bell, Chief Judge.
The defendant was convicted of forgery in the first degree on an indictment which reads in part as follows: " . . . did . . . knowingly, and wilfully, make, alter, possess, and forge a certain check . . . drawn on the *First State Bank* in the sum of $600, payable to *Lavelle Becton,* . . . and in such a manner that the aforesaid writing as made purports to have been made by another person, and did utter and deliver said writing to the *First State Bank,* all with intent to defraud Robin Nell Becton and the First State Bank, . . ."
*Held:*
1. At the trial the state proved by competent testimony that defendant delivered and cashed a check at the First State Bank in the amount of $600 payable to him as payee and bearing the name of "R. Nell Becton" as drawer. The state also offered an affidavit by "R. Nell

Becton" which the court allowed to be admitted in evidence where the affiant stated that the signature on the check was not hers. Although defendant's counsel[1] offered no objection, the judge should not have allowed the affidavit nor should the district attorney have offered it. It is basic that "Every person charged with an offense against the laws of this State . . . shall be confronted with the witnesses testifying against him. . ." Code Ann. § 2-105. It is also basic that "Upon the trial of a criminal case upon the issue of guilty or not guilty, ex parte affidavits are not admissible either for or against the accused." *Smith v. State,* 147 Ga. 689 (95 SE 281). The basis of these rules is the fundamental principle that in a criminal prosecution the testimony of the witnesses shall be taken before the court, so that at the time they give the testimony they will be sworn and will be subject to cross examination, the scrutiny of the court, and confrontation by the accused. These basics are necessary because a statement which is offered in evidence to prove the truth of the matters stated, but which was not made by the author when a witness before the court at the trial in which it is offered, is hearsay. Hearsay may not be recited or otherwise introduced in evidence, and it does not become competent evidence by reason of a mere failure to object to its reception. *Eastlick v. Southern R. Co.,* 116 Ga. 48 (42 SE 499). Thus, the admission of the affidavit by the court, even in absence of an objection, was a gross and harmful error and standing alone would have required a reversal. However, the defendant himself rendered the error harmless by calling his wife, Mrs. Robin Nell Becton, who was the affiant, as a witness on his behalf. *Haupt v. State,* 108 Ga. 64; *Smiley v. State,* 34 Ga. App. 513 (130 SE 359). She testified that while the signature on the check was in fact her own she did not authorize the defendant to write a check on her account for $600; that she had not given him authority to get $600 nor did she have any knowledge that the defendant would obtain $600 from her checking account, and that with the

---

[1]Present counsel for the appellant was not of counsel during the trial.

exception of her signature as drawer, the handwriting on the face of the check and the endorsement was the defendant's. This evidence by Mrs. Becton, standing uncontradicted as it does, not only authorizes the verdict of guilty, but demands it. It shows that without any knowledge or authority of the purported maker of the instrument, Mrs. Becton, that the defendant forged his name as payee and forged the amount of $600. Under the broad allegation of the indictment, proof that any part of the whole check was forged authorized a conviction of forgery in the first degree. The state did not limit the indictment to the charge that only the signature of the drawer was forged.

2. There is no merit in the contention that the admission of the affidavit forced the defendant to call the affiant as a witness in his behalf.

3. The remaining enumeration which refers to argument of the district attorney as to who has the money has no merit as the evidence as a whole demanded the verdict of guilty and the verdict could not have been affected otherwise.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED FEBRUARY 21, 1975.

*Robert L. Cork,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.