57888, 57889. REED v. THE STATE (two cases).

DEEN, Chief Judge.

The defendant was convicted under two accusations charging him with transporting liquor and possessing beer. His appeal is based primarily on the inadequacy of the affidavit underlying the search warrant by virtue of which police officers searched a parked tractor-trailer and recovered contraband beer and liquor.

The affiant, a revenue agent, deposed that a peace officer for whose reliability he vouched stated that he had

been informed of the contents of the vehicle and the fact that beer was being sold from it by a "reliable source" known to the peace officer to be "a mature person, regularly employed and absen[t] of any motivations to falsify." Aside from these facts the affiant stated in oral testimony that he knew nothing about the informer or his identity and had been told no further facts which might have been known to the officer.

1. As stated in *Simmons v. State,* 233 Ga. 429 (211 SE2d 725) (1975) the affidavit, together with any oral testimony before the magistrate, must satisfy two criteria: (1) validity (the underlying circumstances, sufficiently detailed to allow a judgment of probable cause) and (2) reliability (sufficient factual recitals to allow a conclusion that the unnamed informant is in fact truthful and reliable). The magistrate uses a common sense approach to the affidavit; if it is sufficiently circumstantial to allow an affirmative judgment of probable cause meeting these requisites it is sufficient, and if that is the case the fact that the affidavit contains hearsay does not void the warrant. *Ward v. State,* 234 Ga. 882 (218 SE2d 591) (1975).

It is contended here that the result should be different where double hearsay is involved. This alone will not always void a warrant, since, where the chain of information involves two police officers, one the arresting officer and one the undercover agent who dealt with the informer, the evidence is admissible because there is a presumption of reliability as to the report of a police officer or undercover agent in line of duty to a fellow officer. *Caudell v. State,* 129 Ga. App. 229 (199 SE2d 550) (1973).

We therefore have, as to the validity and circumstantiality of the evidence showing probable cause, the statement of the informer that the defendant was in charge of a certain van and trailer parked at a given location, from which he had witnessed the sale of nontax-paid beer within the past two days. As to the reliability prong of the test, the informer had been known to the officer for a year and was a reliable source, a mature person regularly employed with no motivation to falsify. The affiant, before going before the magistrate,

investigated the named location and found that the described vehicle was in fact parked there. These facts taken as a whole are, under the ruling in *Davis v. State,* 129 Ga. App. 158 (3) (198 SE2d 913) (1973), sufficient to support a finding of probable cause and the motion to suppress was properly denied.

2. At the close of the evidence the court allowed the search warrant with its attached affidavit to be introduced over objection by the defendant. We agree with the appellant that this was error. Generally speaking, the pleadings in a case are not evidence. *Martin v. State,* 93 Ga. App. 580 (3) (92 SE2d 233) (1956). Its introduction may well be harmless error, but in the present case we cannot be sure that it had no influence on the jury. The defendant here was not charged with selling, but only with possessing, nontax-paid beer, yet the affidavit allowed in evidence related the hearsay declarations of a person not a witness in the case who said he had seen the defendant selling the beer from the van. Insofar as the affidavit related to the motion to suppress evidence, evidence relating thereto was heard outside the presence of the jury and the motion was denied. Insofar as it might become documentary evidence on the jury trial by being introduced as such, leading the jury to believe that it was of evidentiary value, it not only related to a crime for which the defendant was not on trial, but offered the evidence in affidavit form, contrary to the rule that affidavits are not admissible in a criminal trial either for or against the accused (*Smith v. State,* 147 Ga. 689 (2) (95 SE 281) (1918)) because this would deprive the defendant of his right of cross examination. Further, although the fact of hearsay inherent in this affidavit did not disqualify it on the issue of probable cause before the magistrate, the hearsay deprived it of all probative value on the jury trial. *Becton v. State,* 134 Ga. App. 100, 101 (213 SE2d 195) (1975). The error was presumptively harmful and requires reversal.

*Judgment reversed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JUNE 13, 1979.

*Smith & Allgood, Douglas E. Smith,* for appellant.
*Howard Oliver, Jr., Solicitor,* for appellee.