A95A0842. ADAMS v. THE STATE.
(459 SE2d 182)

BIRDSONG, Presiding Judge.

Ernest Adams appeals his convictions of seven counts of forgery in the first degree in violation of OCGA § 16-9-1. He contends the trial court erred by admitting facsimile copies of certain affidavits in violation of the hearsay rule and the best evidence rule, and also contends the trial court erred by denying his motion for a directed verdict on the counts that were proven only by these affidavits.

The State's evidence showed Adams applied with and was hired by an employment agency under his own name and the alias Ernest Cole and the employment agency placed him with a check printing company under both names. Adams' job with the check printer was to destroy checks that were not suitable for shipping to the customers. All of the forged checks in this case were checks that Adams should have destroyed.

When banking customers reported that forged checks had been drawn on their accounts, investigation disclosed that the checks were deposited in Adams' bank accounts. A search of Adams' home conducted pursuant to a warrant found deposit slips matching some of these deposits.

For several of the forged checks, officials from the companies that were the victims of the forgeries testified that the checks deposited in Adams' bank account were not signed by anyone at their firm authorized to sign checks and that their company did not do business with Adams or his businesses. On certain of the other checks, however, affidavits executed by officials at the other companies that were also the victims of the forgeries were the only evidence on the issue of authority to sign the checks.

These affidavits showed generally that, after being sworn, the officials stated the affidavits were true and correct to the best of their knowledge and belief, that they had examined the checks in question, that they did not sign the checks, that they did not authorize any other person to sign their names to the checks, that the names appearing on the checks were signed without the officials' knowledge or consent, that they never received nor expected to receive directly or indirectly any benefit from the checks, that they believed the maker's signature on the checks was forged by an unknown person, that the deponents were willing to testify in any case instituted in connection with the forged checks, and the affidavits were made for the purpose of inducing the bank to credit to the accounts of the deponents the

amount of the checks.

None of the officials who signed these affidavits testified regarding the forgeries alleged in Counts 3, 4, 5, and 6 at Adams' trial. Instead, the affidavits were introduced through testimony from fraud investigators from the banks concerned. The banks' investigators testified that the affidavits were made in the normal course of their business and that the affidavits were made in the course of the banks' business at or near the time of the forgeries. Although appellant objected to the admission of these affidavits because of the best evidence rule and the hearsay rule, the trial court admitted the affidavits in evidence. *Held*:

1. As the affidavits introduced in evidence were reproductions of the original affidavits, they were admissible notwithstanding Adams' objection based on the best evidence rule. OCGA § 24-5-26. Because the affidavits supporting the forgeries alleged in Counts 1, 2, and 7 were also supported by the testimony of officials of the companies whose checks were forged, the affidavits were cumulative of the officials' testimony. Consequently, any error concerning the admission of these affidavits was harmless. *Flowers v. State*, 181 Ga. App. 572 (353 SE2d 69).

2. Regarding the forgeries in Counts 3, 4, 5, and 6, however, we must reach a different result. Although Adams correctly asserts these affidavits were inadmissible as business records because the prosecution failed to lay a proper foundation for their admissibility (see OCGA § 24-3-14 (b); *Suarez v. Suarez*, 257 Ga. 102, 103 (355 SE2d 649); *Jackson v. State*, 209 Ga. App. 217, 219 (433 SE2d 655); *Oldham v. State*, 205 Ga. App. 268, 270 (422 SE2d 38)), we reverse for a more fundamental reason: Affidavits of absent witnesses cannot be admitted in evidence at criminal trials because doing so violates the right of defendants to confront witnesses against them. *Smith v. State*, 147 Ga. 689 (95 SE 281).

"It is basic that [e]very person charged with an offense against the laws of this State shall be confronted with the witnesses testifying against him. It is also basic that [u]pon the trial of a criminal case upon the issue of guilty or not guilty, ex parte affidavits are not admissible either for or against the accused. The basis of these rules is the fundamental principle that in a criminal prosecution the testimony of the witnesses shall be taken before the court, so that at the time they give the testimony they will be sworn and will be subject to cross examination, the scrutiny of the court, and confrontation by the accused." (Citation and punctuation omitted.) *Becton v. State*, 134 Ga. App. 100, 101 (213 SE2d 195).

Even though properly authenticated business records may be admitted in evidence in criminal trials as an exception to the hearsay rule (see OCGA § 24-3-14 (b); *Oldham v. State*, supra), these affida-

vits were not business records because they were not memoranda or records of acts, transactions, occurrences, or events (see OCGA § 24-3-14 (b); *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216)), and they contained inadmissible opinions and conclusions. *Malcolm v. State*, 263 Ga. 369, 370 (434 SE2d 479); *Luke v. Spicer*, 194 Ga. App. 183, 184 (390 SE2d 267); *Finch v. Caldwell*, supra. Moreover, the business record exception is an exception to the hearsay rule (*Oldham*, supra at 269), and not a general exception to the confrontation clause. We recognize that admission of evidence under exceptions to the hearsay rule necessarily does not implicate the confrontation clause (*Higgs v. State*, 256 Ga. 606, 608-609 (351 SE2d 448)), but testimonial affidavits such as these do not satisfy the criteria for admission in evidence. *Finch v. Caldwell*, supra.

Consequently, the trial court erred by admitting these affidavits.

3. Because no other evidence was introduced on Counts 3, 4, 5, and 6 proving the essential element of the crime of forgery that the checks were drawn without authority, the trial court erred by denying Adams' motion for a directed verdict on these counts. Thus, the judgment of the trial court on Counts 3, 4, 5, and 6 must be reversed, and the case remanded with direction to enter a directed verdict of acquittal on those counts and to vacate any sentence imposed thereon.

*Judgment affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED JULY 3, 1995 — ▉▉▉▉▉▉▉▉

*Albert A. Myers III*, for appellant.

*Cheryl F. Custer, District Attorney, Nancy N. Bills, Assistant District Attorney*, for appellee.