A96A1056. FOSTER v. THE STATE.
(474 SE2d 38)

McMURRAY, Presiding Judge.
Defendant's convictions for burglary and giving a false name to a law enforcement officer were affirmed on direct appeal, but the case was remanded for an evidentiary hearing on his claim of ineffective assistance of counsel. *Foster v. State*, 218 Ga. App. 569 (462 SE2d

455). After a hearing, the trial court determined that "Defendant did not waive his right to claim ineffective assistance of counsel." The trial court further determined that defendant "failed to show that his counsel was ineffective or conducted the trial so ineffectively [that] the outcome of the case, based upon evidence presented, would have been different." This appeal followed. In his sole enumeration, defendant contends the trial court erred in overruling his motion for new trial on the special ground of ineffective assistance of counsel. *Held*:

On appeal, defendant urges that a "review of [trial] counsel's cross[-]examination questions [reveals] no defense tactics and . . . ask[s] this Court to find [such] absence equates to ineffective assistance of counsel."

"In the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496-497 (5) (422 SE2d 188). "The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with [the] client." (Citations and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77 (1), 79 (447 SE2d 74).

In the case sub judice, defendant took the stand and admitted giving a false name to a law enforcement officer. He defended the burglary charge on the basis of abandonment, a circumstance the jury chose not to believe. Thus, in the case sub judice, " 'it is not necessary to address specifically and individually each and every one of [defendant's] instances of challenged trial tactics. It is sufficient to note that "strategic choices (made) after thorough investigation . . . are virtually unchallengeable." *Strickland* (*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674).) (Cit.) The trial court (in the case sub judice) found, and the evidence supports the finding, that trial counsel thoroughly investigated the case and prepared for trial[, knowing that defendant's accomplice would testify against him]. (Defendant) has shown nothing that would demonstrate that his trial counsel failed to exercise reasonable professional judgment in (the) handling of (defendant's) case. See *Ferrell v. State*, 261 Ga. 115 (3) (401 SE2d 741) (1991).' *Stephens v. State*, 265 Ga. 120, 121 (2), 122 (453 SE2d 443). The fact that defendant and his present counsel now claim they would have conducted the trial differently does not establish the ineffectiveness of trial counsel. *Robinson v. State*, 210 Ga. App. 278, 279 (3), 280 (435 SE2d 718). This enumeration is without merit." *Hudson v. State*, 218 Ga. App. 671, 673 (1) (b) (462 SE2d 775).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 20, 1996 —
RECONSIDERATION DENIED JULY 11, 1996.

*David E. Slemons*, for appellant.
Daniel Foster, *pro se.*
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.