## S96A0167. MILLER v. THE STATE.
(472 SE2d 74)

BENHAM, Chief Justice.

After witnessing a car make several turns without signals being given, a Cherokee County deputy sheriff stopped the vehicle and approached the driver, appellant Jeffrey Miller. Miller was arrested when he was unable to show proof of insurance and a license check revealed that his driver's license had been suspended. When the arresting officer conducted a pat-down search of Miller, he found a clear plastic bag containing what he believed to be marijuana. Miller was charged with possession of less than one ounce of marijuana, and the

suspected contraband was sent to the Georgia State Crime Lab for analysis. The forensic chemist who performed tests on the substance did not testify at appellant's trial. Instead, acting pursuant to OCGA § 35-3-16, the Cherokee County solicitor tendered a certified copy of the drug analysis from the Crime Lab and an affidavit executed by the lab analyst, and the trial court relied on § 35-3-16 to admit the documents as evidence, over appellant's objection that use of the documents impinged upon his constitutional right to confront the witnesses against him.[1]

The affidavit used in the case at bar identified the affiant as a forensic drug chemist employed by the GBI Division of Forensic Sciences who had conducted the examination and analysis on the material purportedly found in appellant's possession. The report stated that the substance, weighing less than one gram when electronic balances and/or mechanical scales were used, tested positive for marijuana when microscopy and gas chromatography/mass spectrometry tests were conducted. Appellant was found guilty of the possession charge as well as the driving offenses. He appeals only the marijuana conviction, contending that the use of the certified copy of the crime lab drug analysis in lieu of the testimony of the lab technician violated his right to confront the witnesses against him, as guaranteed him by the Sixth Amendment to the U. S. Constitution, and Art. I, Sec. I, Par. XIV of the Georgia Constitution.

1. OCGA § 35-3-16 was passed during the 1994 session of the General Assembly. It authorizes, in certain drug or alcohol-related prosecutions, the admission in evidence of a sworn certificate, in lieu of trial testimony, by the employee of the GBI Division of Forensic Sciences who analyzes the substance submitted to the laboratory by a law enforcement agency. After conducting a post-session interview with the representative who sponsored the bill now codified as § 35-3-16, one commentator has concluded that the bill was passed by the legislature to "effect a 'shortcut' to admissibility of certain types of evidence and promote judicial economy" in response to complaints by district attorneys that state crime lab personnel spent much time and tax money appearing at trials throughout Georgia to authenticate evidence. Waggoner, 11 GSU Law Review 209 (1994).

---

[1] The Sixth Amendment to the U. S. Constitution, made applicable to the states through the due process clause of the Fourteenth Amendment in *Pointer v. Texas*, 380 U. S. 400 (85 SC 1065, 13 LE2d 923) (1965), provides that a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him. . . ." The Georgia Constitution guarantees that a criminal defendant "shall be confronted with the witnesses testifying against such person." Art. I, Sec. I, Par. XIV. "Ordinarily, a witness is considered to be a witness 'against' a defendant for purposes of the Confrontation Clause only if his testimony is part of the body of evidence that the jury may consider in assessing his guilt." *Cruz v. New York*, 481 U. S. 186, 190 (107 SC 1714, 95 LE2d 162) (1987).

The certificate authorized by OCGA § 35-3-16 must contain "a statement establishing the type of analysis performed, the result achieved, and that the subscriber is the person who performed the analysis." OCGA § 35-3-16 (b).[2] When the certificate is properly executed and the procedures of § 35-3-16 (c) have been followed, the certificate is "admissible evidence of the composition, quality, and quantity of the substance submitted to the laboratory for analysis . . . ." Id. Subsection (c) requires the party intending to introduce the certificate to serve notice of its intent at least ten days before the proceeding begins.[3] Within ten days of receipt of the notice, the opposing party who intends to object to the admission of the certificate must give notice of objection and the grounds for the objection. The statute provides that a proffered certificate will be admitted into evidence unless it appears from the notice of objection and the grounds stated therein that "the composition, quality, quantity, or chain of custody of the substance submitted to the laboratory for analysis will be contested in good faith at trial." In the case at bar, appellant filed a timely objection to the solicitor's notice of intent to proffer the certificate, asserting that use of the certificate in lieu of the analyst's testimony denied him his constitutional right to confront the witnesses against him. The trial court overruled appellant's objection, ruling that confrontation rights were preserved since the analyst would be required to be present in court if the defendant raised the appropriate objection. See OCGA § 35-3-16 (c). After so ruling, the trial court admitted the lab analyst's certificate and affidavit. It is undisputed that the analyst's certificate admitted in the case at bar is hearsay as it rests mainly on the veracity and competency of a person not in court. OCGA § 24-3-1.[4]

2. "[A] solemn act of the legislature is presumed to be constitutional. [Cit.]" *State of Ga. v. Davis*, 246 Ga. 761 (1) (272 SE2d 721) (1980). Only when a statute manifestly infringes upon a constitutional provision or violates the rights of the people should the judicial branch impede its operation. *Park v. Candler*, 114 Ga. 466, 472 (40 SE 523) (1902). With those principles in mind, we examine the inter-

---

[2] Other states with similar statutes require the certificate to include the subscriber's training or experience to perform the analysis, and the nature and condition of the equipment used. See, e.g., K.S.A. 22-3437 (Kansas); R.S.A. 318-B:2 (New Hampshire); N.J.S.A. 2C:35-19 (New Jersey).

[3] In the case at bar, the solicitor gave notice of his intent to tender the certificate only eight days before the commencement of appellant's trial. At a pre-trial hearing, appellant expressly waived the procedural defect.

[4] It is interesting to note that the Georgia statute defining hearsay, OCGA § 24-3-1, anticipates the introduction of the hearsay through the testimony of a witness, as it defines hearsay as evidence "which does not derive its value solely from the credit of the *witness* but rests mainly on the veracity and competency of other persons." (Emphasis supplied.) No witness was used to introduce the hearsay evidence at issue in the case at bar.

play between this statute and a defendant's constitutional right to confront the witnesses against him.

The Confrontation Clause embodied in the Sixth Amendment

(1) insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the "greatest legal engine ever invented for the discovery of truth"; [and] (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.

*California v. Green*, 399 U. S. 149, 158 (90 SC 1930, 26 LE2d 489) (1970). "The central concern" of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U. S. 836, 845 (110 SC 3157, 111 LE2d 666) (1990). However, the Clause does not guarantee a criminal defendant an *absolute* right to a face-to-face meeting with the witnesses against him at trial. Id. Furthermore, the Clause "does not necessarily prohibit the admission of hearsay statements against a criminal defendant, even though the admission of such statements might be thought to violate the literal terms of the Clause. [Cits.]" *Idaho v. Wright*, 497 U. S. 805, 813 (110 SC 3139, 111 LE2d 638) (1990). See *Littles v. Balkcom*, 245 Ga. 285 (2) (264 SE2d 219) (1980). Thus, the fact that OCGA § 35-3-16 authorizes the admission of hearsay evidence in the absence of the declarant does not, in and of itself, render the statute unconstitutional as a violation of the right of confrontation.

However, the use of hearsay testimony to support a criminal conviction is "bounded by the substantive limits of the confrontation clause." *Cimildoro v. State*, 259 Ga. 788 (2) (387 SE2d 335) (1990). "The crux of the question presented is . . . whether the State, as the proponent of evidence presumptively barred by the hearsay rule and the Confrontation Clause, has carried its burden of proving that the [hearsay evidence] bore sufficient indicia of reliability to withstand scrutiny under the Clause." *Idaho v. Wright*, supra, 497 U. S. 805 at 816. Reliability can be inferred where the evidence falls within a firmly rooted hearsay exception since such an exception "satisfies the constitutional requirement of reliability because of the . . . judicial and legislative experience in assessing the trustworthiness of certain types of out-of-court statements." Id. at 817. Should the hearsay evidence not fall within a firmly rooted exception to the rule against the

admission of hearsay, it may nevertheless survive Confrontation Clause scrutiny for reliability " 'if it is supported by a "showing of particularized guarantees of trustworthiness." ' " Id. Furthermore, should the hearsay evidence not fall within a firmly rooted exception, the unavailability of the hearsay declarant must be established. See *Higgs v. State*, 256 Ga. 606, 609 (351 SE2d 448) (1987); *Barnett v. State*, 211 Ga. App. 651, 652 (440 SE2d 247) (1994). Cf. *White v. Illinois*, 502 U. S. 346 (112 SC 736, 744, 116 LE2d 848) (1992).

3. It is clear that the certificate, as admitted, does not fit within any statutorily-recognized hearsay exception in Georgia. See OCGA §§ 24-3-3 through 24-3-17. While the certificate might be a writing or record made in the regular course of business as a memorandum or record of an event, it is not admissible as a business record without a foundation being laid "through the testimony of a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter. [Cit.]" *Suarez v. Suarez*, 257 Ga. 102 (2) (355 SE2d 649) (1987). Even if a proper foundation were laid, the certificate would not be admissible as a whole as a business record since it contains the conclusion of a third party not before the court. *Kesler v. State*, 249 Ga. 462 (11) (291 SE2d 497) (1982).

4. While the analyst's certificate is presumptively unreliable and inadmissible for Confrontation Clause purposes since it does not fall within a firmly rooted exception to the hearsay rule (*Idaho v. Wright*, supra, 497 U. S. at 817), that defect can be cured, for purposes of the Confrontation Clause, by a showing by the hearsay proponent of the "particularized guarantees of trustworthiness" drawn from the totality of circumstances surrounding the making of the hearsay. Id. at 820. See also *State in the Interest of J. H.*, 581 A2d 1347 (N.J. Super. 1990), where the New Jersey appellate court found its similar statute to be a constitutionally permissible pre-trial procedure for determining whether the State would be allowed to rely on the certificate. In the case at bar, the certificate was admitted without the requisite showing having been made, and the Confrontation Clause bars receipt in evidence of the certificate containing the result of forensic testing without a preliminary showing of reliability. See *Idaho v. Wright*, supra, 497 U. S. 805 at 816. See also *State v. Kittrell*, 652 A2d 732 (N.J. Super. 1995), where the appellate division of the New Jersey superior court upheld a defendant's confrontation clause challenge to New Jersey's statute where the trial court had admitted the certificate without a preliminary showing of reliability, over the defendant's objection.

5. Furthermore, since the certificate does not fit within any statutorily-recognized hearsay exception, it was error for the trial court to

admit the hearsay without determining that the hearsay declarant was not available to testify. "The threshold question, unavailability of the witness, is typically established 'because of death or in cases where the witness may not be compelled to testify. . . .' [Cit.]" *Rosser v. State*, 211 Ga. App. 402, 404 (439 SE2d 72) (1993). There is no doubt that the vigorous prosecution of drug offenders and those driving under the influence of drugs or alcohol, which prosecution has been endorsed by the executive, legislative, and judicial branches of government in Georgia, has increased the burden on the personnel of the State Crime Lab who provide expert forensic analysis of evidence in criminal cases brought in this State. However, increased work demands do not make the expert analysts "unavailable" to testify. The constraints which impede the ability of the State's experts to fulfill their laboratorial duties as well as their duty to provide in-court expert testimony is remediable by increased funding of the State Crime Lab. Because the hearsay declarant was not shown to be unavailable, the Confrontation Clause prohibited the admission of the hearsay evidence.

6. The trial court rejected appellant's contention that the statute was unconstitutional, finding that appellant's confrontation rights were preserved by subsection (c) of § 35-3-16, which the trial court found to require the presence in court of the lab analyst when the defendant set forth specific grounds from which it appears that "the composition, quality, quantity, or chain of custody of the substance submitted to the laboratory for analysis will be contested in good faith at trial."[5]

We disagree with the trial court's reading of the statute. Subsection (c) does not guarantee a defendant the opportunity to cross-examine the lab analyst. Subsection (c) authorizes the admission of the certificate in the absence of a response to the notice of intent to proffer the certificate and, should the defendant object to the notice of intent, only authorizes the trial court to make a determination concerning the admissibility of the certificate. The statute does not provide that the filing of an objection to the admission of the certificate will result in the lab analyst's appearance in court. Compare *Moon v. State*, 478 A2d 695, 703 (Md. 1984); *State v. Christianson*, 404 A2d 999, 1002 (Me. 1979); and *State v. Larochelle*, 297 A2d 223 (N.H. 1972), where statutes in Maryland, Maine and New Hampshire withstood constitutional challenges because they provided procedures through which a defendant could confront the analyst merely by making a timely filing.

---

[5] Our research has found Georgia to be the only state with this type of statute to impose a requirement of good faith upon a defendant objecting to the admission of the certificate.

7. When measured against the Georgia Constitution, OCGA § 35-3-16 is exceedingly troublesome. The Constitution guarantees a criminal defendant the right to "be confronted with the witnesses testifying against such person." Art. I, Sec. I, Par. XIV. "[T]he primary advantage, and the one which the constitutional provision mainly guarantees, is the right of the accused to be confronted by the witness against him, to secure the opportunity of thorough cross-examination." *Denson v. State*, 150 Ga. 618, 622 (104 SE 780) (1920). Thus, ex parte affidavits are not admissible against a defendant in a criminal case. *Smith v. State*, 147 Ga. 689 (95 SE 281) (1918). "Affidavits of absent witnesses cannot be admitted in evidence at criminal trials because doing so violates the right of defendants to confront witnesses against them. [Cit.]" *Adams v. State*, 217 Ga. App. 706 (2) (459 SE2d 182) (1995), cert. denied, 217 Ga. App. 899. See also *Reed v. State*, 150 Ga. App. 312 (2) (257 SE2d 380) (1979); *Becton v. State*, 134 Ga. App. 100, 101 (213 SE2d 195) (1975). Cf. *Freeman v. State*, 233 Ga. 745 (2) (213 SE2d 643) (1975).

The statute also creates a "Catch-22" barrier between a defendant and his constitutional right to confront the witnesses against him by directing that a defendant set forth "specific grounds" that will be "contested in good faith at trial" in order to be entitled to a judicial determination on whether the defendant will be confronted with the lab analyst or with the analyst's certificate. When a defendant attempts to surmount the barrier, he finds himself in the untenable position of having to identify "specific grounds" in order to confront the analyst, but being unable to confront the analyst in order to identify the "specific grounds." Requiring a defendant to request the presence of the witnesses against him and to explain why he requires their presence in order to be afforded his constitutional right of confrontation places too heavy a burden on the assertion of a constitutional protection. *State v. Christensen*, 607 A2d 952 (N.H. 1992).

Furthermore, OCGA § 35-3-16 impermissibly shifts the burden of proof from the State to the defendant against whom the State wishes to introduce a certificate. Should it be determined that the defendant has not set forth "specific grounds" or that the grounds set forth will not be contested "in good faith" at trial, the State is relieved of its burden of proving the illicit nature of the substance found in appellant's possession, and the criminal defendant is required to prove that the substance is not illegal. See, e.g., *Lanthripp v. Lang*, 103 Ga. App. 602, 606 (120 SE2d 59) (1961).

Because OCGA § 35-3-16 authorizes the introduction of an ex parte affidavit into evidence against a criminal defendant, in contravention of the defendant's constitutional guaranty that he be confronted with the witnesses against him and be permitted to cross-examine them, it is unconstitutional. Since appellant's conviction for

possession of marijuana relied on unconstitutional hearsay evidence, it must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Conrad & Abernathy, H. Stephen Abernathy, Eric A. Ballinger,* for appellant.

*Daniel T. Stringer, Solicitor,* for appellee.

*Spencer Lawton, Jr., District Attorney Eastern Circuit, Michael J. Bowers, Attorney General, Keith C. Martin, Solicitor Clayton County, Richard W. Shelton, Solicitor Lowndes County, Garland, Samuel & Loeb, Donald F. Samuel, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito, A. Glen Hollingshed,* amici curiae.