## A03A0011. GARRISON v. THE STATE.
(581 SE2d 357)

MIKELL, Judge.

Byron A. Garrison was convicted of two counts of selling cocaine and was sentenced as a recidivist to a total of thirty years. He appeals from the denial of his motion for new trial, arguing that the trial court erred in (1) refusing to permit him to cross-examine the case agent during a pretrial hearing on his motion to "reveal the deal" with the confidential informant ("CI"), (2) limiting his cross-examination of the CI at trial, (3) admitting bad character evidence,

[15] Id. at 748.

and (4) denying his motion for mistrial. Finding no error warranting reversal, we affirm.

1. At the pretrial hearing on Garrison's motions to identify the CI and to "reveal the deal," the prosecutor agreed to provide defense counsel with the CI's name, date of birth, Social Security number, and address. The prosecutor then asked the case agent whether any deal had been made with the CI. After the agent replied, "no, sir," defense counsel objected, asking that the agent be sworn and take the stand so that counsel could cross-examine him. However, rather than granting the request, the court questioned the case agent concerning the existence of any deal. The agent informed the court that no deals had been made with the CI and that no charges were pending against her. The court also imposed a continuing obligation upon the state to reveal any deal to counsel should it become aware of one.

Garrison argues that the court's failure to swear in the case agent and subject him to cross-examination deprived Garrison of his Sixth Amendment right to confront witnesses against him. We agree. "Implicit in the constitutional right of confrontation is the right of cross-examination, which is an essential and fundamental requirement for a fair trial."[1] "It is basic that every person charged with an offense against the laws of this State shall be confronted with the witnesses testifying against him. It is also basic that . . . at the time they give the testimony they will be sworn and will be subject to cross examination. . . ."[2] Nevertheless, the trial court's failure to follow this basic precept does not require reversal of Garrison's conviction.

Garrison argues that he was unable to prepare adequately for trial without cross-examining the case agent. However, the CI testified at trial and was subjected to thorough cross-examination concerning her motives for testifying against Garrison. No evidence was ever presented that the CI had reached a deal with the state in exchange for her testimony. Under these circumstances, we hold that Garrison has not shown that he was prejudiced by the court's refusal to permit him to cross-examine the case agent at the pretrial hearing.

2. Garrison next contends that the court erred in limiting his cross-examination of the CI at trial. After the CI admitted that she had used cocaine but denied that she had ever been arrested for doing so, defense counsel then asked: "So, it's your testimony that you have used it, and the police knew you've used it, and you've never been arrested for using it?" The prosecutor objected, arguing that

---

[1] (Footnote omitted.) *Vogleson v. State*, 250 Ga. App. 555, 558 (1) (552 SE2d 513) (2001).

[2] (Citation and punctuation omitted.) *Adams v. State*, 217 Ga. App. 706, 707 (2) (459 SE2d 182) (1995).

past use was improper impeachment unless the defense intended to offer evidence of prior convictions. Defense counsel stated that the purpose of the questioning was to show that the CI had been granted leniency in exchange for her assistance in making drug buys. The prosecutor then disclosed that before the CI made the two drug purchases from Garrison, she had been stopped and searched, and suspected cocaine was found on her person. However, the substance tested negative for cocaine, so no charges were brought against her. The trial court permitted cross-examination as to whether the CI knew at the time she agreed to make the buys from Garrison that she would not be charged.

The CI testified that she worked as an informant initially "to work off that pending charge, because . . . I didn't know if that was cocaine or not. . . . [T]hen it was determined that it wasn't cocaine, so I kept on doing it just to help because I'm a recovering drug addict and I just wanted to give something back to the community. . . ." The CI further testified that she had worked with the police on 10 to 15 occasions and that she was paid $10 per buy. As the CI's motives for testifying against Garrison were fully disclosed to the jury, there was no error.[3]

3. Garrison complains that his character was improperly injected into evidence during the testimony of Elvoid Hunter, a narcotics investigator with the Lowndes County Sheriff's Department. Hunter testified that he was familiar with Garrison from the past. "Testimony that a defendant is known to the police does not impermissibly place the defendant's character into issue."[4] Additionally, Garrison failed to object contemporaneously and has thus waived the objection on appeal.[5]

4. Finally, Garrison enumerates as error the denial of his motion for a mistrial, made during the testimony of Commander Frank Swanson, a corporal in the narcotics division of the Lowndes County Sheriff's Department. The prosecutor asked Commander Swanson why he used an informant to purchase cocaine from Garrison instead of conducting the transaction himself. Commander Swanson replied that he had never purchased cocaine from Garrison before, so Garrison would be unfamiliar with him. Garrison objected and moved for a mistrial, arguing that the testimony had introduced evidence of prior offenses for which Garrison was not on trial. However, defense counsel specifically requested that the court not give the jury curative

---

[3] Compare *Vogleson*, supra at 558 (1) (conviction reversed where trial court precluded testimony regarding the sentence witness would have received if he had not reached a deal with the state).

[4] *Sanders v. State*, 245 Ga. App. 701, 702 (3) (538 SE2d 772) (2000).

[5] *Merritt v. State*, 255 Ga. 459, 460 (2) (339 SE2d 594) (1986).

instructions, asserting that they would only serve to emphasize the testimony. The trial court overruled the motion.

We disagree that Commander Swanson testified to unindicted prior offenses. He never stated that the CI, or any other informant, had ever purchased cocaine from Garrison before the incidents for which he was on trial. "The decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. There was no error in denying the motion for mistrial after the defendant declined curative instructions."[6]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED APRIL 9, 2003.

*Edith M. Edwards*, for appellant.
*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney*, for appellee.

---

[6] (Citations and punctuation omitted.) *Osborn v. State*, 233 Ga. App. 257, 258 (1) (504 SE2d 74) (1998).