## A07A0764. McTAGGART v. THE STATE.
(645 SE2d 658)

JOHNSON, Presiding Judge.

A jury found Glenn McTaggart guilty of trafficking in methamphetamine and possession of a firearm by a convicted felon. McTaggart appeals, alleging the trial court erred in denying his motion to suppress, the evidence was insufficient to support the verdict, and he received ineffective assistance of trial counsel. We find no error and affirm McTaggart's convictions.

On May 12, 1997, an agent with the Cherokee Multi Agency Narcotics Squad secured a warrant for a trailer where McTaggart lived. The warrant was based on information from a reliable informant who had been in McTaggart's trailer and seen methamphetamine within the last seven days. This information was conveyed to the agent by an officer with the Appalachian Drug Task Force. The agent arrived at the trailer and knocked several times. After receiving no response, the agent began to pry open the door. At that point, McTaggart opened the door. Inside the trailer, the agent found methamphetamine hidden inside a VCR, $2,230 in cash in McTaggart's wallet, a video surveillance system set up to monitor the front door and driveway, written instructions for making pure ephedrine, a loose bag of vitamin B-12 commonly used to dilute or "cut" methamphetamine, a set of scales in a case marked "dope kit inside," and a .38 Smith and Wesson revolver.

1. McTaggart contends the trial court erred in denying his motion to suppress the evidence gathered at the trailer. We find no error. When reviewing a trial court's ruling on a motion to suppress, "we defer to the trial court's findings of fact unless they are clearly erroneous, and we construe the evidence most favorably to the trial court's decision."[1]

McTaggart's first argument suggests that because the agent could not provide personal information to the magistrate regarding

---

[1] (Citation omitted.) *State v. Becker*, 240 Ga. App. 267 (523 SE2d 98) (1999).

the informant, the warrant should have been dismissed. This Court has already dealt with this issue:

> It is contended here that the result should be different where double hearsay is involved. This alone will not always void a warrant, since, where the chain of information involves two police officers, one the arresting officer and one the undercover agent who dealt with the informer, the evidence is admissible because there is a presumption of reliability as to the report of a police officer or undercover agent in line of duty to a fellow officer.[2]

The trial court correctly denied McTaggart's motion to suppress on this ground.

McTaggart also claims the affidavit supporting the warrant contained insufficient facts to establish the reliability of the informant. However, the affidavit attached to the search warrant does set forth sufficient facts to establish the reliability of the informant. The affidavit states that the confidential informant "has given information in the past that has lead [sic] to at least 5 search warrants" and seven or eight arrests. Further, it states the informant "has been an informant for more than 10 years and has provided numerous amounts of intelligence information that has proven reliable in the past." These statements were sufficient to establish the reliability of the informant.[3]

We also note that a search warrant was not even necessary in this case because at the time of the search, McTaggart had forfeited his rights under the Fourth Amendment pursuant to his probated sentence from Pickens County. Special Condition 10 of McTaggart's probated sentence states as follows:

> Probationer shall submit to a search of his/her business, person, houses, papers and/or effects as these terms of the Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII of the Georgia Constitution are defined by the Courts, any time of the day or night with or without a search warrant whenever requested to do so by a probation officer, surveillance officer, or any law

---

[2] *Reed v. State*, 150 Ga. App. 312, 313 (1) (257 SE2d 380) (1979).

[3] See *Johnson v. State*, 230 Ga. App. 535 (496 SE2d 785) (1998) (informant found reliable because he provided prior information that led to arrests and/or seizures of drugs on at least three separate occasions); *Rider v. State*, 222 Ga. App. 602 (475 SE2d 655) (1996) (informant who had given information four previous times leading to two search warrants and five arrests found reliable); *Anthony v. State*, 197 Ga. App. 297, 298 (1) (398 SE2d 580) (1990) (informant deemed reliable because his information had resulted in three to four arrests).

enforcement officer and specifically consents to the use of anything seized as evidence in any proceeding against him/her.

The trial court correctly denied McTaggart's motion to suppress the search warrant.

2. McTaggart contends the evidence was insufficient to support the jury's finding that he was guilty beyond a reasonable doubt of trafficking in methamphetamine and possession of a weapon by a convicted felon. We find no error. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[4]

So viewed, the evidence was more than ample to sustain the verdicts against McTaggart. The evidence shows that McTaggart owned the trailer and was the only person present in the trailer when the search warrant was executed. Inside the trailer, officers found a substantial amount of methamphetamine hidden inside a VCR. Also found were a set of scales in a case marked "dope kit inside" and a .38 revolver, common tools of the drug trade. Written instructions for making pure ephedrine and a loose bag of vitamin B-12, commonly used to dilute methamphetamine, were also present. And, over $2,000 was recovered from McTaggart's wallet. In addition, McTaggart had installed a video surveillance system to monitor the front door and driveway. There was ample evidence from which a rational trier of fact could find McTaggart guilty beyond a reasonable doubt of trafficking in methamphetamine and possession of a weapon by a convicted felon.[5]

3. McTaggart contends he received ineffective assistance of trial counsel because his trial counsel failed to subpoena witnesses necessary to support his defense of equal access and failed to adequately raise all issues in his motion to suppress and motion for independent analysis of the suspected narcotics. To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[6] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court

---

[4] See *Clemons v. State*, 257 Ga. App. 96 (574 SE2d 535) (2002).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wesson v. State*, 279 Ga. App. 428, 428-431 (1) (631 SE2d 451) (2006).

[6] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).

does not disturb unless clearly erroneous.[7] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[8] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.[9]

(a) *Failure to subpoena witnesses.* McTaggart claims he gave trial counsel the names of five witnesses and told trial counsel the witnesses were on probation, but trial counsel failed to subpoena the witnesses. We first note that McTaggart failed to produce these potential witnesses at the motion for new trial hearing. Without the missing witnesses' testimony at the post-trial hearing, no evidence shows what the witnesses would have said at the original trial, so it would be pure conjecture to conclude the witnesses would have helped the defense.[10]

In addition, trial counsel testified that while McTaggart told him about some possible witnesses, the trial attorney did not have any information about how to contact the witnesses. And, at the conclusion of the trial, the trial court asked McTaggart, "Have you told [trial counsel] witnesses you wanted him to bring to court that he would not or could not bring to court for you?" McTaggart answered, "No, sir." No evidence supported a finding that McTaggart's trial counsel's performance was deficient for failing to call any potential witnesses.

(b) *Failure to raise issues.* Specifically, McTaggart contends trial counsel failed to cross-examine the agent when the agent was recalled to perfect the record regarding the search warrant. However, decisions on whether or how to conduct cross-examinations are the exclusive province of the lawyer after consultation with the client.[11] And, in the absence of testimony to the contrary, trial counsel's actions are presumed strategic.[12]

Here, trial counsel had already tried to suppress the search warrant on the grounds of hearsay, the reliability of the informant, and prior illegal entry. Given these attempts and the trial court's ruling denying the motion to suppress, trial counsel's decision not to press the issue and cross-examine the agent was an appropriate exercise of discretion and was not a basis for an ineffective assistance of counsel claim.

---

[7] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[8] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

[9] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

[10] See *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001).

[11] See *Foster v. State*, 222 Ga. App. 239, 240 (474 SE2d 38) (1996).

[12] Id.

McTaggart further argues that trial counsel failed to arrange for an independent examination of the narcotics. However, at trial, trial counsel admitted that the defense was not disputing the identity of the substance or suggesting that the substance had been misidentified. Trial counsel did not render ineffective assistance by failing to obtain an independent examination of the substance in this case.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 26, 2007.

*James K. Luttrell*, for appellant.
*Garry T. Moss, District Attorney, Robert G. Morton III, Assistant District Attorney*, for appellee.